## Sisk vs. Almon et al.

1. NOTICE OF TITLE: *Possession.*
Actual possession of land at the time of another's purchase is sufficient to put him on inquiry of the possessor's title.

2. DECREE: *Must be only for parties to suit.*
A court of equity can not render a decree in favor of persons not parties in the cause.

3. PARTIES; *Heirs, Administrator.*
The administrator or executor is entitled to the real estate of the deceased for the payment of his debts; but in suits in which he claims the possession, when the title is in question, the heirs are necessary parties.

| | |
|---|---|
| 34 | 391 |
| 59 | 293 |
| 34 | 391 |
| 72 | 275 |
| 34 | 391 |
| 73 | 27 |
| 74 | 27 |
| 74 | 158 |
| 34 | 391 |
| 182 | 459 |

APPEAL from *Mississippi* Circuit Court in Chancery.
Hon. L. L. MACK, Circuit Judge.
*Lyles* for appellant.

HARRISON, J.   The appellant brought an action of ejectment against James Almon, for the north part of the northwest quarter of section eight, in township fifteen, north, of range eleven, east, to which he claimed title under a deed of conveyance, executed on the fifteenth day of December, 1875, from T. J. Richardson and George W. Richardson, who purchased the same as swamp land from the state, and on the twelfth day of April, 1861, received a deed thereto from the governor.

W. L. Fields and W. H. Pittman, administrators of Henry H. Moody, were, on their application, made parties, and filed an answer.

They admitted the conveyance from T. J. Richardson and George W. Richardson to the plaintiff, and that T. J. Richardson and George W. Richardson had received a deed to the land from the governor; but they averred that Tur-

ner J. Richardson, the father of T. J. Richardson and George W. Richardson, held, on the fifth day of July, 1859, a patent certificate for the land in controversy, and the northeast fractional quarter of section five, in the same township; and that he, on that day, sold, and by warranty deed conveyed, that in controversy, to John Bryans, who, immediately upon his purchase, entered into possession and actual occupancy of it, and continued in possession and actual occupancy from his purchase until the thirteenth day of June, 1871, when he sold, and by warranty deed conveyed it, to Henry H. Moody, their intestate, who entered into possession, and was in the actual occupancy thereof until his death; and that Almon, at the commencement of the action, occupied the land as the tenant of Moody.

That Turner J. Richardson, on the ninth day of November, 1860, after his sale and conveyance to Bryans, with the intent and purpose to defraud Bryans, and without any valuable consideration, assigned the patent certificate to said T. J. Richardson and George W. Richardson, his sons, and who were then minors.

That Moody, and Bryans, under whom he claimed, had, from the time of the latter's purchase from Turner J. Richardson, until the commencement of the action, and for more than seven years, held peaceable, uninterrupted and adverse possession of the land; and they pleaded the statute of limitations.

They made their answer a counter-claim, and prayed that the deed from T. J. Richardson and George W. Richardson to the plaintiff should be set aside and canceled, and that the title should be vested in the heirs of Moody, their intestate.

The cause, upon their motion, was transferred to the equity side of the court.

Almon made no defense; and no reply was filed by the plaintiff to the counter-claim.

The decree of the court was, that the deed from T. J. Richardson and George W. Richardson to the plaintiff should be set aside and canceled, and that the title be vested in the heirs of Moody.

Charles Bowen, the only witness in the case, deposed for the defendants: That Turner J. Richardson, having separated from his wife, told him that he was going to leave the country, and that he wished to make some provision for his children, whom he was going to leave with her, but said he did not know what he could do. The witness informed him, that if he would transfer his patent certificate for his land to them, they could get the deed to it. That he concluded to do so, and the witness, at his request, wrote the assignment on the certificate to his sons, T. J. and George W. Richardson, which he signed, and the witness afterwards took the certificate to Little Rock and obtained the patent for them.

It appears, by the pleadings, that the deed from the governor to the Richardsons was filed for record on the fifteenth of January, 1866; that from Turner J. Richardson to Bryans on the thirtieth day of August, 1870; and that from Bryans to Moody on the first day of January, 1873; and it is insisted by the appellant, that, because the deed from the governor to the Richardsons was put upon the record before that from their father to Bryans, he is an innocent purchaser with the legal title. But when the plaintiff purchased, Moody was, by his tenant Almon, in actual, pedal possession of the land, and he, and Bryans, under whom he entered and claimed, had been in succes-

sive and continued possession and actual occupancy from the latter's purchase; so admitted by the plaintiff—the fact being averred in the counter-claim, to which there was no reply.

The actual possession and occupancy of Moody at the time of the plaintiff's purchase, was sufficient to put him upon inquiry as to the title, and there can not, therefore, be any doubt as to the validity of the title of Moody's heirs. But they were not parties, and the court could not render a decree against the plaintiff, in favor of persons not parties in the cause.

Real estate is, by statute, made assets in the hands of the executor or administrator for the payment of the testator's debts, and he is entitled to possession for that purpose; but in suits in which he claims the possession when the title is in question, the heirs are necessary parties.

The decree is reversed, and the cause remanded for further proceedings, with instructions to allow the heirs of Moody to make themselves parties, if they desire to do so, or to be made such by the defendants.