## ROCKAFELLOW v. OLIVER ET AL.

1. MARRIED WOMAN: *Her title bond not binding but validated by deed.*
   An executory contract of a married woman to convey land is not binding upon her or her heirs, but when the purchaser takes possession and makes improvements, and afterwards pays the price and accepts a deed, his equity is superior to that of an incumbrancer between the title bond and the deed, and his title will be protected.

2. SAME: *When disability must be pleaded.*
   If a grantee of a married woman would avoid her previous title bond to another on the ground of coverture, he must plead the coverture, in the action.

APPEAL from *Pulaski* Chancery Court.

Hon. J. R. EAKIN, Chancellor.

*R. C. Newton,* for appellant.

16–R

Neither the bond or deed to Counts were ever properly acknowledged, or recorded at all, *nor is there any explanation given why this was not done*, and appellant purchased without notice either actual or constructive. A pile of lumber or rock on a vacant lot in a city, is not such open, visible, notorious and adverse possession as to affect subsequent purchasers with notice, or put them on enquiry. Counts guilty of carelessness and laches in leaving his title papers with his grantor, instead of putting them on record, and thus appellant was misled through Counts' fault, and as a loss must fall on some one, it should fall on him.

The property was a married woman's, and in the acknowledgement *she only relinquished dower;* nor was either instrument recorded. *Sec. 861, Gantt's Dig.* An officer's certificate of acknowledgement can be attacked by proof *aliunde. Ib., sec. 856.* Title to land should depend upon matter of record, and not upon any act *in pais* or resting in parol, *Trapnall v. Richardson, 13 Ark., 555; Byers v. Engles, 16 Ark., 543.*

The evidence shows that the property belonged to a married woman, and she could not execute a valid bond for title. *Felknor v. Tighe, 39 Ark., 357.*

*W. L. Terry*, for appellee Counts.

As to the effect this court will give the findings of the chancellor, see *32 Ark., 462; 24 Ark., 443.*

When a party is in possession of land, that fact alone is sufficient to put a subsequent purchaser upon enquiry. *10 Ark., 371,* and *Sec. 861, Gantt's Dig.*, does not apply.

All objections to the form of Mrs. Oliver's acknowledgement were waived when she afterwards executed the deed, which related back and perfected Counts' equitable title, acquired by his possession, which was such open, notorious and visible possession as to charge appellant with notice. *Warren v. Sickles, Wright's Rep., Ohio, p. 81.*

The plea of coverture is personal to a married woman, and not having been pleaded by her, appellant can take no advantage of it. Besides, the objection that a married woman cannot make an executory contract was not made below, and cannot be raised here. The case of *Felkner v. Tighe* merely decided that a married woman could not be *compelled* to specifically perform an executory contract; here she *did perform* it voluntarily by executing a deed, and the decision has no application, etc.

A deed executed to perfect a *prior equitable title*, of which a prior grantee had notice, actual or constructive, at the time of his deed, combined with such prior equity, *will prevail* over the older deed. *Terry v. Rozelle, 33 Ark., 478–488*.

HOWARD, R. A. SPECIAL JUDGE. On June 4th, 1873, Oliver and wife borrowed from Rockafellow, four thousand dollars, and gave their note for that amount and a deed of trust with power of sale upon certain lots and blocks in the city of Little Rock, the separate property of Mrs. Oliver. The trust has been executed as to some of the lands. This bill was brought to execute it as to the remainder. One of the parcels of land included in the deed of trust is lot No. *two* in block No. *seventy* in the city of Little Rock. Only so much of the decree as relates to this lot is appealed from.

Counts, one of the defendants, in his answer, states that he purchased this lot from Oliver and wife in February, 1873, and that in April, 1873, they executed to him a bond for title upon payment of the purchase money. He states that he took possession of the lot in February for the purpose of building a house; that in March he began to have rock, lumber and brick hauled and placed upon said lot; that during the months of March, April and May, he was in open, notorious and visible possession of the same; that he has paid all the pur-

1. MARRIED WOMAN. Her title bond, when current subsequent deed, against intermediate incumbrancer.

chase money, and that afterwards Oliver and wife executed to him a warranty deed for the premises, He states that both the title bond and deed had been lost, and that complainant had notice of his rights when the trust deed was executed. He makes his answer a cross-bill and prays that the trust deed be cancelled in so far as it relates to this lot and that his title be decreed good as against complainants.

The depositions of Counts, Clark and Cunningham show that Oliver and wife made title bond to Counts for this lot about March, 1873. The depositions of Counts and Cunningham who was his attorney at law during these transactions, show that this bond was acknowledged before a notary public by both of them ; that when Mrs. Oliver acknowledged it her husband was in the same room, but whether or not near enough to hear questions and answers witness cannot say ; and that the certificate was in the usual form for acknowledgment by married women for conveyances of their separate property.

Proof was also made that Counts had possession of the lot in March and April; that he had hauled brick, stone, lumber and sand for mortar ; that he had built piers for a house and put sills and joists upon them and was continuing the building when Rockafellow took the deed of trust, It was shown that the bond and deed were both lost.

The chancellor was satisfied with the evidence, and found that Counts had paid for the lot in full and received a deed therefor from Oliver and wife from whom he purchased, and that his equity was superior to complainant's, and decreed the relief prayed for in the cross-bill.

This court has repeatedly held that it would not disturb the findings of the chancellor upon matters of fact unless there was a decided preponderance of evidence against his judgment. We are unwilling to say there was such here.

2. Cover-ture must be pleaded. It has been urged that this title bond was an executory contract made by a married woman and therefore invalid.

It may be this would not be binding upon Mrs. Oliver or her heirs. But there was no plea of coverture here ; nor did Mrs. Oliver hesitate to make the deed upon payment of the purchase money.

The bond was not recorded. Had Rockafellow such notice of the equitable rights of Counts as to be charged thereby? The doctrine is well established, that where one is in open and visible occupancy or possession of land it is sufficient to put a subsequent purchaser or mortgagee upon notice. *Hamilton et al v. Fowlkes et al, 16 Ark., 340.* The chancellor found there was this notorious possession on the part of Counts.

The decree is affirmed.

Hon. J. R. EAKIN did not sit in this case.