## SMITH v. HAMLET.

1. TITLE : *Not impeached by declarations of vendor after sale.*
   The title of a purchaser of personal property cannot be impeached

by the statement of his vendor made in his absence after the sale.

2. EVIDENCE: *Record of Administrator's sale.*

The Probate Court record of an Administrator's sale of property of his intestate and confirmation of the sale by the court is evidence to support the title of a purchaser from the vendee and can not be disputed by the testimony of the Administrator to defeat the title.

APPEAL from *Bradley* Circuit Court.

Hon. J. M. BRADLEY Circuit Judge.

*McCain & Crawford* for appellant.

1. No judgment was rendered by the justice, not even a verdict, and the Circuit Court had no jurisdiction. 12 *Ark.*, 670.

2. The letter of Jno. A. Smith was written after the sale, and falls within the rule of declarations made by a vendor after the sale when the vendee is not present. 17 *Ark.*, 9; 33 *Id.*, 207.

3. The report and sales-bill made to the Probate Court by Hamlet as Administrator, was a solemn admission of record that John A. Smith purchased the mare, and the *very best evidence* of the fact. 9 *Ark.*, 392. It was error to exclude it, and allow proof of its contents. *Wells on Replevin,* Sec. 689.

4. Hamlet is estopped to deny the truth of his report and sale-bill. The 5th instruction should have been given. *Sec.* 4 *Ark.*, 94; 16 *Id.*, 257.

5. If Smith actually bought the horse at the sale, Hamlet cannot recover. If he merely acted as Hamlet's agent, *there was no sale.* If the sale-bill is true, the mare is Smith's, if false she still belongs to the estate of Wimberly, and Hamlet, being no longer Administrator, cannot recover. If

21——43

Smith v. Hamlet.

Smith is a mere bailee, he must account to Hamlet's successor as Administrator of the estate. Now if Smith bought for Hamlet in his individual capacity this was a fraud on the estate, and both were *particeps criminis*. *In pari delecto potior conditio defendentis est.* 10 *Ark.*, 53.

*T. B. Martin* for appellee.

While, as a proposition of law, a purchase by Hamlet at his own sale was irregular and improper, and as to heir or creditor would be held fraudulent and set aside, yet that is not this case, and a purchaser from him would be estopped to deny his title. Smith was a bailee and could not dispute his bailor's title. *Schonler Pers. Prop. p.* 595; 15 *Abb.* 254; 1 *McCord* 392; *Herman on Estoppel p.* 389–90 *and* 383; *Schonler Pers. Prop.* 2 *vol, p.* 702 *and cases cited.* R. S. Smith claims title through Jno. A. and being privy in estate, is also estopped. *Herman on Estoppel* p. 317–18.

Two juries, whose province it was to pass upon the issues of fact have found for appellee, and their finding should not be disturbed. *Ark. Rep. passi.m*

SMITH, J. This was replevin for a mare. The plaintiff, Hamlet, recovered a verdict in the Court of the Justice of the Peace, where the cause originated; but no formal judgment was entered. On appeal to the Circuit Court there was a trial *de novo* upon the merits and the plaintiff again prevailed.

In *Turner v. Harrison ante,* 233, we discussed the legal effect of the absence of a judgment by the Justice upon the jurisdiction of the Circuit Court, holding that it was not fatal and that the verdict of the jury was in that court equivalent to a judgment.

On the trial the plaintiff testified that the mare had once belonged to the estate of Van Wimberly, of which he had been Administrator, but had since made final settlement and

been discharged; that the Probate Court had ordered the
sale of all the personal property of the estate for cash; that
in pursuance of said order, he had exposed the property on
the 9th of April, 1881, and the mare being about to be sac-
rificed, he had caused her to be bid off in the name of John
A. Smith for $35., and had reported her to the Probate Court
as sold to the said John A., at that price; that plaintiff had
turned over the mare to said John A. to make a crop with,
and said bailee had, in October or November 1881, sold and
delivered her to R. S. Smith, the defendant in this action.
The plaintiff also read a letter written by John A. Smith,
after this last mentioned sale, in which the writer acknowl-
edged that he was a mere bailee and expressed surprise that
his father, R. S. Smith, had set up a claim to the mare.

The defendant proved his purchase from John A. Smith
for a valuable consideration, and offered to read a transcript
of the record of the Probate Court, showing the same state
of facts to which the plaintiff had already deposed, viz: the
order of sale, the sales-bill returned into court by the Ad-
ministrator, in which John A. Smith is mentioned as the
purchaser of the property in controversy, and the confirma-
tion of the sale by the Probate Court. But the transcript
was excluded from the jury. The court also refused the fol-
lowing prayer of the defendant:

" If the jury believe from the evidence that said Hamlet,
as Administrator, sold the mare in controversy as the prop-
erty of Van Wimberly, deceased, and at such sale caused the
mare to be bid off and set down to John A. Smith as the
purchaser thereof, and that Hamlet as such Administrator
reported said sale to the Probate Court, and said sale was
examined and confirmed by said court, said Hamlet is now
estopped from denying the truth of said record, and he can-
not recover in this action."

The verdict and judgment were for the plaintiff and a
new trial was refused.

**1. Evidence: Declaration of vendor after sale.**  The letter of John A. Smith, being in the nature of declarations of a vendor, made subsequent to the sale and in the absence of his vendee, was certainly incompetent evidence to invalidate the sale. *Gullett v. Lamberton,* 6 *Ark*, 109 ; *Brown v. Wright,* 17 *Id.,* 9 ; *Clinton v. Estes,* 20 *Id.,* 216 ; *Finn v. Hempstead,* 24 *Id.,* 111.   But the introduction of it was not objected to below.

The record tendered to show that John A. Smith purchased at the Administrator's sale, was the best evidence of that fact ; and as the defendant derived title from him, it was pertinent to the issue.   The transcript seems to have been properly authenticated.

**2. Same: Probate Record of administrator's sale.**  The instruction above copied should have been given to the jury.   The administrator's report of sale is a solemn admission that he had sold the mare to John A Smith for the price therein stated.   And the plaintiff is precluded from denying the truth of the record.   He cannot show in this action that the transaction was merely colorable ; that the purchase was in reality for his own benefit, or that Smith has never paid his bid.   The defendant bought from one who was in possession and who, the record showed, was the legal owner.

Reversed and remanded for a new trial.