THALHEIMER v. LOCKERT.

Opinion delivered June 10, 1905.

POSSESSION—NOTICE.—Possession of land is equivalent to notice of whatever title, rights or equities the occupant may possess.

Appeal from Pulaski Chancery Court.

JESSE C. HART, Chancellor.

Affirmed.

## STATEMENT BY THE COURT.

This is a suit by appellee Lockert against appellants Fannie Thalheimer and her husband, Ben S. Thalheimer, and John F. Smith, for the reformation of a deed executed by appellant Smith to appellee.

It is alleged in the complaint that Smith was the owner of the northwest quarter of section 6, in township 2 north, range 14 west, and on December 19, 1900, agreed to sell and convey to appellee forty acres off the west end of the south half of that quarter section for the sum of $100; that appellee paid the price, and Smith undertook to convey the land, and by mistake in the preparation of the deed the land was described as the southwest quarter of said quarter section, which, according to the Government survey, was fractional, and contained only 23 acres; that Smith subsequently sold and conveyed the remainder of the quarter section to appellant. Fannie Thalheimer, who bought with the full notice of the previous sale of 40 acres to appellee.

Thalheimer and wife answered the complaint, denying that Smith sold appellee any more land than that described in the deed, and that Fannie Thalheimer bought without notice of the sale to appellee.

The chancellor gave a decree in accordance with the prayer of the complaint for the reformation of the deed, so as to describe the 40 acres of land claimed by appellee, and the Thalheimers appealed.

*Mehaffy & Armistead,* for appellant.

The doctrine of constructive notice from possession will not benefit one who is without equity. 48 Ark. 409.

*W. S. McCain,* for appellee.

McCULLOCH, J., (after stating the facts.) Appellee and Smith both testify to the same effect that under the purchase appellee should have 40 acres of land, and that the deed should have described it. As against Smith, appellee's right to a refor-

mation of the deed is clearly established; the only question in dispute being whether Mrs. Thalheimer under her subsequent purchase took without notice.

Smith testifies that when he agreed with Thalheimer (who made the trade as agent of his wife) for the sale, he informed the latter of his previous sale of 40 acres to appellee, and that he proposed to sell the remainder. At the time of appellee's purchase, there was open and in cultivation on the place about 15 acres, all but about two acres being on the 23-acre tract (fractional southwest quarter of northwest quarter). The remaining two acres of open land were in the same inclosure, but on the southeast quarter of said northwest quarter. Appellee at the time of his purchase occupied the land as Smith's tenant, and immediately after his purchase he moved the east line of his fence so as to enlarge his inclosure and include about eight acres of the southeast quarter of the northwest quarter. He cleared several acres of this addition to his inclosure, and was occupying the whole when Mrs. Thalheimer purchased. She purchased without any actual notice of appellee's occupancy, and appellee did not place his deed of record until after the sale to Mrs. Thalheimer. But she was informed by Smith that he had previously sold 40 acres to appellee, and, when she purchased, appellee was in actual, open and visible possession of eight acres of the land which Smith conveyed to her. Such possession was equivalent to actual notice of the title, rights or equities of the occupant. *Hamilton* v. *Fowlkes,* 16 Ark. 340; *Jowers* v. *Phelps,* 33 Ark. 465; *Sisk* v. *Almon,* 34 Ark. 391; *Bird* v. *Jones,* 37 Ark. 195; *Rockafellow* v. *Oliver,* 41 Ark. 169; *Atkinson* v. *Ward,* 47 Ark. 533; *Watson* v. *Murray,* 54 Ark. 499; *Kendall* v. *Davis,* 55 Ark. 318; *Strauss* v. *White,* 66 Ark. 167. Mrs. Thalheimer purchased, therefore, with notice of appellee's equities, and the reformation can be enforced against her.

Appellee claims in his complaint 40 acres off the west end of the south half of the northwest quarter, and the court so decreed by reforming the deed so as to embrace 17 acres off the west side of the southeast quarter of the northwest quarter, in addition to the fractional southwest quarter of the northwest quarter; but the testimony of appellee and Smith both shows that according

to agreement he was to have 40 acres in the southwest corner of the quarter section, and the decree should have been for a reformation according to that agreement. However, appellants contested the right of appellee to any reformation at all, and raise no question as to this variance, so we will not disturb the decree on that account.

Decree affirmed.