## SPROULL v. MILES.

Opinion delivered April 22, 1907.

1. APPEAL—DEFAULT JUDGMENT—QUESTIONS RAISED.—The only question, upon an appeal by a defendant from a default decree against him, is whether the allegations of the complaint are sufficient to authorize the relief which was granted in the court below. (Page 457.)

2. NEW PARTIES—NECESSITY.—A court of chancery will determine the respective rights of parties claiming the equity in certain lands, without requiring the holder of the legal title to be made a party, where their claims may be determined without prejudice to the rights of the latter. (Page 458.)

3. NOTICE—POSSESSION.—Possession of land gives notice of the occupant's equities therein. (Page 458.)

Appeal from Phillips Chancery Court; *Edward D. Robertson*, Chancellor; affirmed.

*Randolph & Randolph*, for appellants.

1. It was error in the court to decree a specific performance of the contract without the Studebaker Manufacturing Company having been made a party to the suit. 19 Wall. 94, *et seq.*; Pomeroy on Spec. Perf. § 483; 78 Ark. 414, and cases cited; 38 Ark. 402; 20 Ark. 615.

2. The contract between the manufacturing company and Sproull was by its express terms entire and indivisible, and there

can be no apportionment of such a contract. 2 Parsons on Contracts (5 Ed.), Pt. 2, ch. 1, § § 4, 5, pp. 517-524; *Id.* ch. 3, § 3, pp. 676-7; 43 Ark. 184; 9 Cyc. 642. In any case, it is not enough that the duty to be done is in itself separable, if the contract contemplates it only as a whole. 2 Parsons on Contracts, Pt. 2, ch. 3, § 2, pp. 648-650; 2 Sedgwick, Damages (8 Ed.), § 642. See, also, 22 Ark. 158; 24 Ark. 197; 30 Ark. 186; 52 Ark. 257; 9 Ark. 501; 10 Ark. 331; 3 Ark. 324; *Id.* 581; 153 U. S. 564. In every case the decree must specifically enforce the contract as made between the parties and not some other. 8 Wall. 557; 155 U. S. 550; 177 U. S. 370; Pomeroy on Spec. Prof. § § 163 *et seq.;* 23 Ark. 704; 34 Ark. 663; 19 Ark. 51; 24 Ark. 30; 40 Ark. 382. On account of its inherent inequity, a contract will not be specifically enforced when to carry it into operation would defeat, or materially injure, the rights of third parties who have vested interests in the property. Pomeroy on Spec. Perf. § § 181, 362; 91 U. S. 646; 153 U. S. 564; 136 U. S. 254.

3. As between Miles and Weeks, the latter, having purchased in conformity with the contract between Sproull and the manufacturing company and his contract being countersigned by it, is entitled to have the sale to Miles declared to be subject to the contract between Sproull and the manufacturing company, and therefore void, because inconsistent with its requirements. 136 U. S. 254.

· *John I. Moore,* for appellee.

1. The decree having been rendered by default, the only question for consideration here is whether the allegations of the complaint are sufficient to authorize the relief granted. 44 Ark. 56; 58 Ark. 39. The statute authorizes, in such case, a liberal construction of the complaint, and forbids a reversal for any error or defect in proceedings which does not affect the substantial rights of the adverse party. Kirby's Digest, § § 6130, 6148. See 2 Freeman on Judg. § 538. The manufacturing company was not a necessary party. The relief prayed for and granted was not mandatory upon it, but, in so far as it affected its interests, was permissive only, bound it in no way and left its rights unaffected. If a vendor is unable to perform com-

pletely, the vendee may have a decree compelling performance as far as he is able.    38 Ark. 402; 20 Ark. 650; 26 Am. & Eng. Enc. of Law (2 Ed.), 83.    If a vendor has any title to convey, specific performance may be decreed to the extent of such title. 26 Am. & Eng. Enc. of Law (2 Ed.), 40.    See, also, 45 Ark. 17.

2.    Appellee's possession was notice to Weeks of his equities in the land.    34 Ark. 391; 76 Ark. 25.    And Weeks was in no better position than his vendor.    20 Ark. 648.

HILL, C. J.    Sproull made a contract of purchase for 1,600 acres of land in Phillips County from Studebaker Bros. Manufacturing Company, an Indiana corporation.    Sproull paid the Studebaker Company $550 cash, and executed to it four notes for $2,612.50 each, payable one, two, three and four years, respectively.    The agreement contained usual stipulations found in credit sales, one of which was that no assignment of the premises should be valid unless approved in writing by the Studebaker Company, and that no agreement of Sproull conveying an interest to third parties should affect the Studebaker Company's attitude towards Sproull.

Sproull sold a quarter-section of this land to Miles, and $50 were paid on the purchase, and he agreed that the Studebaker Company should execute a deed to Miles; the trade being on the same terms as the Studebaker Company had sold to Sproull. Miles went into immediate possession under this purchase, and about six months thereafter Sproull sold a half interest in the 1,600 acres to Weeks, and this sale was duly approved on the written contract between them by the Studebaker Company. Sproull refused to carry out the contract with Miles, and Miles brought suit for specific performance, and made Weeks a party. The complaint alleged a tender of the proper payments to Sproull to pay out the amounts according to his contract and under the Studebaker contract, and that the Studebaker Company was willing to carry out the contract between Sproull and Miles by executing a deed to Miles upon the consent of Sproull.    Decree by default for specific performance was rendered, and Sproull and Weeks have appealed therefrom.

The question to be tested is whether the allegations of the complaint are sufficient to authorize the relief the chancery court

granted. *Benton* v. *Holliday,* 44 Ark. 56; *Railway Co.* v. *State,* 58 Ark. 39.

The fact that the Studebaker Company is not made a party to the suit is of no concern to Sproull and Weeks. This litigation is merely between Miles on the one side and Sproull and Weeks on the other side as to the equity in the 160 acres, and is not binding upon the Studebaker Company in any way. It is merely to fix the rights of the parties before the court in that equity. This case differs from *Arkadelphia Lumber Co.* v. *Mann,* 78 Ark. 414, in that relief was there asked against parties not in the case. This case can be determined without prejudice to any rights of the Studebaker Company, and it falls within section 6011, Kirby's Digest.

It is clear that Miles can not compel the Studebaker Company to execute a deed to him; but Sproull can not take advantage of that fact in order to defeat his own contract. Miles is asking no relief against the Studebaker Company, but merely relief against Sproull and Weeks, and that the Studebaker Company be authorized to make a deed to him. Of course, the authority granted the Studebaker Company in a suit in which it was not a party would have no effect upon it. But it is merely to fix the rights between these parties in order that the equity may be determined and the deed made to the proper party. The Studebaker Company would of course be a proper party to this suit, but it is not a necessary party, as the point in issue touches no matter which would bind it. If Miles is willing to chance his litigation with Sproull and Weeks proving fruitless by the Studebaker Company refusing to execute a deed after he has won his suit, then that is his concern, and no ground for Sproull to defeat him in the suit. The allegation that the Studebaker Company is willing to deed to Miles when his right is established against Sproull and Weeks is undenied, and must be taken as true, and hence there is no necessity for having that company bound by a decree when it is ready to act when the court fixes the rights of these parties.

It is also contended that Weeks has rights greater than Miles, as Miles's contract is not recorded, and Weeks's contract was approved by the Studebaker Company. But the allegation of the complaint is that Miles went into possession immediately

upon his purchase from Sproull, which was some six months before Weeks's purchase. The possession of Miles. gave Weeks notice of his equities. *Sisk* v. *Almon,* 34 Ark. 391; *Thalheimer* v. *Lockert,* 76 Ark. 25.

There is no merit in the contentions of Sproull and Weeks, and the decree should be affirmed, and it is so ordered.