HUGHES BROTHERS *v.* REDUS.

Opinion delivered April 12, 1909.

1. EVIDENCE—STATEMENTS OF GRANTOR.—Statements of the grantor in a deed, made after the deed was executed and while the grantee was

in possession of the land, are inadmissible to impeach such deed, if
made in grantee's absence. (Page 150.)

2.   ADVERSE POSSESSION—NOTICE.—One's actual possession of land is no-
tice to the world of the title under which he claims. (Page 151.)

Appeal from Craighead Circuit Court; *Frank Smith,* Judge;
affirmed.

*F. G. Taylor,* for appellant.

Instructions 1 and 2 should have been given. Appellant was
an innocent purchaser. 54 Ark. 273.

FRAUENTHAL, J. The plaintiff, Hughes Brothers, a cor-
poration, instituted this ejectment suit against the defendant,
James Redus, for the possession and recovery of a house and lot
in the city of Jonesboro, Ark. Both parties deraigned their
title to the property from a common source. The plaintiff
claimed that Mattie I. Hughes was the owner of the lot at the
time for her death in February, 1906, and that her heirs con-
veyed the property to plaintiff on June 4, 1906. The defendant
claimed that Mattie I. Hughes sold the lot to him in 1886, and
that on the 13th day of March, 1887, she executed to him a
deed therefor; that in 1887 he inclosed the lot and built a house
thereon, and continuously since then has been in the possession
of the property under the claim of ownership by virtue of his
said purchase and deed; and he claimed to have paid the taxes
on the land·continuously since 1887. The deed from·Mattie
I. Hughes to defendant had never been recorded; but on the
trial of the cause the alleged original deed was introduced in
evidence, and there was a great deal of testimony *pro* and *con*
as to the execution and authenticity of the deed. The plain-
tiff claimed that Mattie I. Hughes placed defendant in posses-
sion of the lot under verbal agreement that he could retain pos-
session as long as she lived. There was a trial of the cause
by a jury, which returned a verdict for the defendant, and from
the judgment given thereon the plaintiff prosecutes this appeal.

There are two assignments of error of the lower court urged
here by appellant. It is urged that the lower court erred in
refusing to permit the introduction of certain statements alleged
to have been made by Mattie I. Hughes. The alleged statements
were made long after the time that defendant claimed that he
had bought the lot, and long after the time that he claimed the

deed had been executed to him; and at the time they were made the defendant was in the sole possession of the property and was claiming to be the owner thereof; and they were made in the absence of the defendant. These alleged statements of Mattie I. Hughes were in effect that the defendant was to have the use of the property as long as they lived, and that she had not executed a deed to him. This testimony was not competent. The statements made by a grantor in a deed to impeach the deed are not admissible if made in the absence of the grantee. *Hargus* v. *Hayes*, 83 Ark. 186.

When a party is in the possession of land, the acts and declarations of such party are admissible in order to show the character and extent of such party's possession and claim. *Seawell* v. *Young*, 77 Ark. 309. But after the alleged sale, and after the party has turned over the possession of the property, such declarations are only self-serving, and are therefore inadmissible. It has been uniformly held by this court that the declarations of a vendor made subsequent to the sale and in the vendee's absence cannot be admitted to impeach the validity of the sale; and the title of the purchaser cannot be impaired or in any wise affected by such declarations and statements. *Gullett* v. *Lamberton*, 6 Ark. 109; *Humphries* v. *McCraw*, 9 Ark. 91; *Finn* v. *Hempstead*, 24 Ark. 111; *Smith* v. *Hamlet*, 43 Ark. 320; *Crow* v. *Watkins*, 48 Ark. 169; 16 Cyc. 988.

It is urged that the lower court erred in refusing to give instructions on behalf of the plaintiff which in substance stated that if the deed to defendant was not acknowledged in manner prescribed by law, or if the deed was never recorded, then plaintiff was an innocent purchaser, and could not be affected by it. But at the time that the plaintiff claims that it purchased the property the defendant was in the actual and open possession of it, claiming to be the owner thereof. Actual possession of the lot by defendant was notice to the plaintiff and all the world of his title. It was not necessary for defendant to place his deed on record to give plaintiff notice of his title. When plaintiff purchased the lot, the defendant was in possession of it, and the law imputed to the plaintiff, under such circumstances, notice of whatever right or equity the defendant had in the property. Plaintiff could not in such event be an innocent pur-

chaser of the property; no statements made by the vendor at such time should have been relied on by it; and under the law it ought not to have been and could not be misled thereby. Because the defendant was in the actual and visible possession of the property when plaintiff purchased, if it did not seek the defendant to learn the nature of his claim and title, the law makes the plaintiff take notice of that title. *Hamilton* v. *Fowlkes,* 16 Ark. 340; *Shinn* v. *Taylor,* 28 Ark. 523; *Rockafellow* v. *Oliver,* 41 Ark. 169; *Atkinson* v. *Ward,* 47 Ark. 533; *Strauss* v. *White,* 66 Ark. 167; *Thalheimer* v. *Lockert,* 76 Ark. 25; *Sproull* v. *Miles,* 82 Ark. 455.

The court therefore did not err in refusing to give the instructions asked by plaintiff.

The verdict of the jury was amply sustained by the evidence.

The judgment is affirmed.