## KELMAN v. KENNEDY.

No. 1045.   Opinion Filed November 14, 1911.

Rehearing Denied December 12, 1911.

(119 Pac. 1000.)

1.   **PUBLIC LANDS—Town Sites—Equity Jurisdiction.**   The same as syllabus in **Leak et al. v. Joslin,** 20 Okla. 200, 94 Pac. 518.

2.   **APPEAL AND ERROR—Review—Questions of Fact—Findings by Court.**   In an action instituted in one of the United States courts of the Indian Territory before the admission of the state, the legal presumption, where the evidence is conflicting, is that the findings of fact by the court, sitting as master in chancery, are correct, and such findings will not be set aside, unless it appears with reasonable clearness that he has fallen into a mistake of fact.

(Syllabus by the Court.)

*Error from District Court, Tulsa County;*

*John H. Pitchford, Judge.*

Action by C. B. Kelman against James L. Kennedy.   Judgment for defendant, and plaintiff brings error.   Affirmed.

*Woodson Norvell,* for plaintiff in error.

*Biddison & Campbell,* for defendant in error.

HAYES, J.   This was originally an action in ejectment, commenced by plaintiff in error in the United States District Court of the Indian Territory, at Sapulpa, before the admission of the state.

Plaintiff in error alleges in his petition in the lower court that he is the absolute owner in fee simple of a strip of land of uniform width of 8 1-2 inches off the south side of lot 9, in block 90, in the town of Tulsa, being a strip of ground having a frontage of 8 1-2 inches, facing on Main street, and a length of 140 feet to the alley, running north and south through the center of said block.   He alleges that said strip of land was scheduled and appraised, together with other lands, to William

P. Moore, who was at and prior to the time of said schedule and appraisement, and for a long time prior thereto, an occupant of said land; that the price at which said lot had been appraised by the government of the United States had been fully paid to the United States Indian agent at Muskogee, and that he (plaintiff in error) had purchased the land from the heirs of said William P. Moore, who died in the month of February, 1903; and that said heirs had executed to him, on the 25th day of July, 1904, a warranty deed therefor. He alleges that defendant is in the unlawful possession of said strip of land, and has been continuously so since the 6th day of July, 1906, to plaintiff in error's damage in the sum of $1,000. He thereupon prays for possession and for damages for the unlawful detention of the land.

To plaintiff in error's petition, defendant in error filed a pleading in the nature of an answer and cross-petition, by which he alleges that, prior to the 23d day of June, 1898, the right to possession of said strip of land and the occupancy thereof was held by the said William P. Moore, but that on that date he (defendant in error) purchased from Moore the right to occupancy and possession of a parcel of ground 16 feet wide and 140 feet deep, described as the first 16 feet off the south side of the Moore Hotel plat on the west side of Main street, lying north of the building of J. M. Morrow, containing 16 feet wide, facing Main street from the west, by 140 feet deep back to the alley; that the strip of land, the right of occupancy and possession of which he thus purchased from Moore, was out of a larger parcel of land occupied by the said Moore; that he (defendant in error) immediately built upon said parcel of land a two-story brick building; and that, by agreement between him and the said Moore, the north wall of said building was built upon the boundary line between said tract of land purchased by him from Moore and the remaining lot or parcel of land still retained by Moore after said purchase.

He further alleges that the location of said north wall of his building was made with the full knowledge and consent of said Moore and with the intention and purpose of putting it on the line separating said two parcels of land; that when he came

to have the lot scheduled by the United States town-site commission he made application to have said 16 feet of land purchased by him from Moore, and on which said two-story brick building stands, scheduled and appraised to him, and that he had believed that said lot of ground, including the ground in controversy, had been scheduled and appraised to him, and that he had paid therefor, but that the government surveyors, in platting the town of Tulsa and making the boundary lines to the lots, blocks, streets, and alleys, had varied from the lines upon which said town was originally built, and by mistake, without the knowledge of defendant in error and without the knowledge of said Moore, the strip of land in controversy was placed within a lot scheduled and appraised to said Moore; that Moore did not know the land in controversy had been scheduled and appraised to him, and he died before the mistake was discovered.

·He further alleges that the appraised value of the lot in which the strip of land in controversy had been included by mistake was paid in full by the administratrix of Moore to the United States government, and that the patent thereto was issued and delivered before said mistake was discovered; that neither Moore, his heirs, nor their assigns have ever been in possession of the land in controversy since June, 1898. He offered to pay to the said Moore, his heirs, or assigns the pro rata and equitable part of the money paid by them as the appraised value of said lot, whenever the same should be ascertained, and prayed that the cause be transferred to the equity docket; and that it be decreed that plaintiff holds the legal title to said land in trust for defendant, who was the equitable owner thereof; and that plaintiff be required to execute to defendant a good and sufficient deed therefor upon payment of such sum as the court may find to be equitable.

The trial was to the court, without a jury, upon the issues made by the petition and answer and cross-petition. The court made a general finding in favor of defendant, and rendered judgment in conformity with the prayer in his answer and cross-petition.

Plaintiff has made four assignments of error in his brief. The first three present but one proposition, which is: That defendant's answer and cross-petition state no defense or right to equitable relief. And by the fourth assignment it is complained that the judgment is not supported by the evidence. The city of Tulsa is located in what was formerly the Creek Nation, and the statute regulating the scheduling, appraising, and purchasing from the federal government of town lots in that nation is to be found in sections 11, 13, and 15 of an act of Congress, approved March 1, 1901, generally known as the "Original Creek Agreement." Chapter 676, 3 Stat. at L. p. 866: By virtue of section 11 of this act, any person in rightful possession of a town lot having improvements thereon, other than temporary buildings, fences, and tillage, had a right to purchase such lot at one-half the appraised value, provided he made application to purchase same and made first payment thereon within sixty days after appraisement was made. Defendant made, within the time prescribed by statute, application to purchase the land upon which his improvements were situated, and in possession of which he had been since 1898, and he thought it had been appraised to and purchased by him. Moore made no claim to a right to purchase any part of the land on which defendant's building stands. He had sold all his possessory right therein to defendant, but by mistake of all the parties and the town-site commission, it was appraised to and purchased by Moore. No question of laches is presented by this record. The objection by plaintiff to the introduction of any evidence under the answer and cross-petition was equivalent to a demurrer thereto, and it presents the same question that was decided by this court in *Leak et al. v. Joslin,* 20 Okla. 200, 94 Pac. 518; and, upon the authority of that case, the overruling of this objection by the trial court should be sustained.

Defendant was in possession of the land in controversy when plaintiff purchased the same from the heirs of Moore, and he had been in possession thereof for some time. It has not been questioned and cannot be that the possession of defendant was equivalent to notice to plaintiff of whatever title, right, or equities

defendant has in the premises. *Thalheimer v. Lockert,* 76 Ark. 25, 88 S. W. 591; *Watson v. Murray,* 54 Ark. 499, 16 S. W. 293; *Bird et al. v. Jones et al.,* 37 Ark. 195. Upon all the issues presented by defendant's answer and cross-petition, the establishment of which was necessary in order to entitle defendant to prevail, there is evidence reasonably tending to support the same. Upon some of said issues, it is true, there is considerable conflict in the evidence; but, applying the rule applicable to the trial of cases in the jurisdiction in which this case arose and was instituted, the legal presumption, where the evidence is conflicting, is that the finding of the master in chancery is correct, and his report will not be set aside, unless it appears with reasonable clearness that he has fallen into a mistake of fact. *Blakemore v. Johnson,* 24 Okla. 544, 103 Pac. 554. The general finding of the court in this case should not be disturbed.

The judgment of the trial court is affirmed.

TURNER, C. J., and KANE and WILLIAMS, JJ., concur; DUNN, J., absent, and not participating.