### RADFORD & GUISE *v.* PRACTICAL PREMIUM COMPANY.

### Opinion delivered July 10, 1916.

1. CONTRACTS—CONSTRUCTION—DUTY OF COURT.—Where a contract is made up of correspondence, it is the duty of the trial court to construe it, and declare its terms to the jury.

2. CONTRACTS—ACCEPTANCE.—The mere mention in a letter of acceptance, of matters upon which the acceptance does not depend, will not prevent the contract from being completed.

3. CONTRACTS—ACCEPTANCE.—A wrote B agreeing to accept goods shipped upon certain terms. B replied, accepting the terms unconditionally, but expressing the wish that A would agree to other terms more to the liking of B. *Held* a valid and binding contract was formed between the parties.

Appeal from Pike Circuit Court; *J. T. Cowling,* Judge; affirmed.

#### STATEMENT BY THE COURT.

Appellee instituted this suit on account before a justice of the peace to recover the sum of $76.50, the amount claimed to be due for certain goods sold by the appellee to the appellants on what is termed in the record a signed order "for a premium deal." It appears from the correspondence between the parties that the appellants gave to the agent of the appellee a written order for some goods. The appellee at first refused to accept the order and ship the goods. Afterwards the appellee shipped the goods to Delight, where appellants reside, and they were unloaded at the station.

Appellants then wrote John J. Wolf, the agent of appellee, at Houston, Texas, through whom appellants gave the order, and, among other things, stated that they had waited a reasonable time before the goods arrived, and not knowing whether appellee intended to ship the goods they had ordered elsewhere, and therefore declined to receive the order from appellee. They however proposed to appellee that if it would allow appellants ten months from the date of the letter in which to pay for the goods, and if appellee would pay the storage charges that had accrued, appellants would accept the shipment, otherwise they would refuse to receive the goods. They stated in the letter that if appellee decided to accept appellants' proposition appellants would like the approval of appellee on the same. That letter was dated July 24, 1913.

Wolf, on July 26, 1913, in answer to the above letter, wrote appellants as follows: "Your favor of the 24th received. Upon receipt hereof please take goods out of depot and pay charges. Our office will promptly arrange terms to your satisfaction."

Afterwards, on July 30th, appellee wrote appellants, in which it referred to appellants' letter to Wolf, stating that Wolf had communicated appellants' proposition to the appellee, and appellee stated, among other things: "We do not like to wait ten months for our money, and, in fact, cannot afford to do so, as we give you good value, and sell our premiums on a very close margin. Of course, if Mr. Wolf has tacitly agreed to your terms, we will abide by the agreement if you insist upon it." In this letter appellee protested that ten months was too long to wait, and stated, "rather than wait this length of time for our money we would prefer to make you some inducement to pay for the goods at once, providing you would consent to use them at once. Would you not be agreeable, therefore, to sending us a check less 10 per cent. of your bill? You could not make 10 per cent. on your money easier, and we would rather sacrifice this sum which figures to be $7.65 and close your account. Our main idea in offering this is not entirely to get immediate returns on our goods, but to have you give our goods the preference."

Then appellee, after giving other reasons why it thought that appellants should accept the proposition to pay cash, with a discount of ten per cent. further stated: "We hope that our proposition will appeal to you, but if it don't there will be no ill feeling. Kindly let us hear from you by return mail, so that we may know what to expect. If it is necessary to wait ten months for our money from you, then we will mark your account accordingly, and settle down for the long wait."

Upon the receipt of this letter appellants wrote to appellee, stating, among other things: "We are in receipt of yours of the 30th ult., and inasmuch as you do not want to accept our proposition to your Mr. Wolf, and as it seems that there has already been several misunderstandings in our business relations, we have decided it is best not to try to handle your shipment in question, and your goods are here subject to your order."

On this evidence the court instructed the jury to return a verdict in favor of appellee. Appellant duly reserved their exceptions to the court's ruling. Judgment was entered for the appellee, from which this appeal has been duly prosecuted.

*C. E. Johnson,* for appellant.

1. The court erred in directing a verdict. The correspondence did not constitute a contract. There never was an acceptance of the offer of the appellants. On the contrary it appears that the offer was never accepted. An acceptance must be clear, absolute, unambiguous, in exact accordance with the offer. 116 S. W. 219; 92 *Id.* 783; 69 *Id.* 37; 27 *Id.* 385.

2. A contract will be construed most strongly against the party drafting it. 23 Ark. 582; 53 *Id.* 58; 135 S. W. 343; 149 *Id.* 75; 130 *Id.* 452; 84 *Id.* 1041; 27 *Id.* 385.

*O. A. Featherston* and *W. S. Coblentz,* for appellee.

1. Where a contract is in writing, it is the duty of the court to construe it. The letters show a meeting of minds—a contract. The offer was accepted according

to the terms of the offer.   39 Mass. 33; 6 R. C. L. 605; 24 S. W. 1020.

2.   There was no question for a jury.   It was a matter of law for the court.   89 Ark. 239; 103 Pac. 370; 128 S. W. 7; 69 *Id.* 34.

WOOD, J. (after stating the facts).   The letters constituted the contract between the parties.   It was the duty of the court to construe it and declare its terms to the jury.   *Mann* v. *Urquhart*, 89 Ark. 239   The letter of appellants to appellee's agent, John J. Wolf, was an offer on the part of the appellants to accept the goods that were then in storage at the depot, provided the appellee would pay the storage and would give the appellants ten months from the date of the letter to pay for the goods. Wolf's answer to this letter, of July 6, 1913, was an acceptance of appellants' offer, for in that letter Wolf instructed appellants to take the goods out of the freight depot and pay the charges, and notified appellants that appellee would promptly arrange terms to appellants' satisfaction.   Wolf sent the letter to his principal, the appellee, and it wrote the letter of July 30, 1913, in which it ratified what its agent had done by stating, "If Mr. Wolf has tacitly agreed to your terms we will abide by the agreement if you insist upon it," and by further stating "If it is necessary to wait ten months for our money from you we will mark your account accordingly and settle down for the long wait."   It is true this letter of appellee made appellants a different proposition as to the time of payment, and recommended that appellants accept such proposition instead of the one they had made to appellee.   But, at the same time, appellee notified appellants that if the proposition made by it was not satisfactory appellee would ratify the act of its agent and accept the offer of appellants in accordance with the terms proposed by them.

In 11 Enc. of Ev., p. 507, it is stated: "If the evidence shows an acceptance in accordance with the terms of the offer, but accompanied with a request to modify

them, such request constitutes no evidence of a conditional acceptance.''

Appellee's letter of acceptance was unconditional. It simply suggested a cash payment for appellants' consideration and left the matter optional with appellants as to whether they would adopt the cash payment at a discount rather than the terms proposed by them, but at the same time, as we have stated, definitely declaring to appellants that appellees would wait ten months as proposed by appellants, if necessary.

In 6 R. C. L., p. 609, it is said: ''From the rule that the acceptance must be unconditional, it must not be inferred that the mere mention, in the letter of acceptance, of matters upon which the acceptance of the proposition does not depend prevents the contract from being completed.''    See also *Id.* 605.

The court correctly construed the contract. There was no error in instructing the jury to return a verdict in favor of the appellee.    The judgment is therefore affirmed.