CLEMENTS v. FULLER.

4-7842                                    192 S. W. 2d 762

Opinion delivered March 4, 1946.

*Fred A. Snodgress,* for appellant.

*Chas. A. Walls, Jr.,* for appellee.

HOLT, J.    This is an action of unlawful detainer brought by appellees for possession of a 160-acre farm in Pulaski county, and for damages. The facts appear to be undisputed.

Appellants, by oral contract, rented the farm in question from C. A. Woosley and Paul M. Leird, the then owners, for the year 1944 for a cash rental, payable monthly, at the rate of $15 per month. They took possession in January, 1944, and occupied and farmed the land throughout that year. On December 20, 1944, Woosley and Leird sold the farm to appellees. Appellants had no knowledge of this sale or of an intended sale until

after its consummation. On December 28th, appellees demanded possession which appellants refused.

September 29, 1944, Mrs. Clements, at the instance of her husband, wrote Mr. C. A. Woosley: "Jacksonville, Ark., Sept. 29, 1944, Mr. C. A. Woosley: I am sending you the rent for Oct. and would like to rent the farm another year as Arthur is away and I don't have much way looking for a place. Please let me know about it soon. Yours truly, (Signed) Mrs. A. L. Clements." Mr. Woosley's answer of October 7th is as follows: "Little Rock, Arkansas, 7, October, 1944, Mrs. A. L. Clements, Jacksonville, Arkansas. Dear Mrs. Clements: This will acknowledge receipt of your letter dated 29th September enclosing $15 covering rent for month of October. In so far as we know, it will be satisfactory for you to rent the farm for another year. Thank you for remittance as above acknowledged. Yours very truly, (Signed) C. A. Woosley."

Appellants continued to occupy the farm and appellee, Fuller, accepted $15 as rental for the month of January, 1945, and on the 17th day of February thereafter served written notice on appellants demanding possession, which appellants refused.

The present suit was filed March 2, 1945. Appellees executed the required bond and appellants retained possession by filing a cross-bond.

Upon a trial, May 18, 1945, at the close of all the testimony, each side asked only for an instructed verdict, whereupon the court directed a verdict in favor of appellees, Marshall Fuller and wife, for possession and for damages in the amount of $60. This appeal followed.

We think the letters and the undisputed oral evidence, not in conflict, but in explanation thereof, constituted an enforceable contract between appellants as lessees and Woosley and Leird as lessors and owners of the farm at the time the letters were exchanged and that the court erred in not so holding. It was the duty of the trial court to construe the unambiguous contract and declare its terms. *Radford & Guise* v. *Practical Premium*

*Company,* 125 Ark. 199, 188 S. W. 562, and *Mann* v. *Urquhart,* 89 Ark. 239, 116 S. W. 219.

Under its terms, appellants, who were on the farm under an oral lease for the year 1944 at a cash, monthly rental of $15, wrote the then owners, enclosing $15 for the October rental, that they "would like to rent the farm another year." The answer, *supra,* of the owners acknowledging receipt of the $15 contained the statement "in so far as we know, it will be satisfactory for you to rent the farm for another year." Woosley testified that he and Leird intended when they wrote the letter, *supra,* for appellants to have the farm for 1945. We think, in the circumstances, these letters contained the necessary requisites of a binding contract for the year 1945, at the same rental of $15 cash each month, as for the previous year. At the time the letters were written, it is not contended that the owners had any prospect for a sale of the farm and appellants had no knowledge of their intention to sell. Appellants were in actual, visible possession, which was notice to appellees, the purchasers from appellants' lessors, of their (appellants') claim to possession.

The sale of the farm by Woosley and Leird to appellees was subject to appellants' rights under this lease contract.

In *Prince* v. *Alford,* 173 Ark. 633, 293 S. W. 36, this court said: "It is a general rule that the possession of a tenant is notice to a purchaser of the reversion of the actual interest of the tenant. . . . The syllabus in the case of *First National Bank of Paris* v. *Gray,* 168 Ark. 12, 268 S. W. 616, is as follows: 'The possession of a tenant or lessee is not only notice as against a subsequent mortgagee of all his rights and interest connected with or growing out of the tenancy or lease, but is also notice of all interests he may have acquired through subsequent or collateral agreements,'" and in an earlier case, *Hughes Brothers* v. *Redus,* 90 Ark. 149, 118 S. W. 414, it is said: "Because the defendant was in the actual and visible possession of the property when plaintiff purchased, if it did not seek the defendant to learn the nature of his claim and title, the law makes the plaintiff take

notice of that title. *Hamilton .v. Fowlkes,* 16 Ark. 340; *Shinn* v. *Taylor,* 28 Ark. 523; *Rockafellow* v. *Oliver,* 41 Ark. 169; *Atkinson* v. *Ward,* 47 Ark. 533, 2 S. W. 77; *Strauss* v. *White,* 66 Ark. 167, 51 S. W. 64; *Thalheimer* v. *Lockert,* 76 Ark. 25, 88 S. W. 591; *Sproull* v. *Miles,* 82 Ark. 455, 102 S. W. 204.''

We conclude, therefore, that the trial court erred in denying the appellants' request for a directed verdict in their favor, and accordingly the judgment is reversed and the cause remanded with directions to enter a judgment consistent with this opinion.