IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 28, 2009

**STATE OF TENNESSEE v. TERRY BYINGTON**

**Appeal from the Criminal Court for Sullivan County**
**No. C50,820     Jon K. Blackwood, Senior Judge**

---

**No. E2008-01762-CCA-R3-CD - Filed December 30, 2009**

---

The Defendant, Terry Byington, appeals his convictions by a jury in the Sullivan County Criminal Court for driving under the influence (DUI), fourth offense, a Class E felony; driving under the influence, a Class A misdemeanor; and driving on a revoked license, a Class B misdemeanor. The trial court merged the DUI convictions and sentenced the Defendant to four years for DUI and to six months for driving on a revoked license, to be served concurrently, for an effective four-year sentence in the Department of Correction. In this delayed appeal, the Defendant contends that the trial judge committed reversible error by refusing to recuse herself because she had formerly prosecuted the Defendant. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and D. KELLY THOMAS, JR., JJ., joined.

Michael F. McClellan Carrico, Gate City, Virginia, for the appellant, Terry Byington.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and William B. Harper, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant was convicted in 2003 and appealed his conviction. This court concluded that his motion for new trial was untimely and affirmed the judgment of the trial court, holding that the evidence was sufficient and his sentence appropriate. State v. Terry Byington, No. E2003-02814-CCA-R3-CD, Sullivan County, slip op. at 4, 6 (Tenn. Crim. App. Apr. 30, 2004), app. denied (Tenn. Oct. 4, 2004). The Defendant sought post-conviction relief, and this court granted him a motion for new trial and this delayed appeal. Terry Lynn Byington v. State, No. E2006-01712-CCA-R3-PC, Sullivan County, slip op. at 6 (Tenn. Crim. App. Nov. 26, 2007).

The facts of this case were summarized by this court in the Defendant's first appeal:

Officer Eric Alford, a patrol officer with the Kingsport Police Department, testified that on June 15, 2001, while traveling on East Stone Drive in Kingsport, Tennessee, he observed the defendant drive his pickup truck across the center line of a six-lane road twice within a short distance. Officer Alford stated he further observed the defendant's vehicle approach a yellow light at an intersection without slowing. The light changed to red as the vehicle entered the intersection, and the vehicle stopped in the middle of the intersection under the traffic light. Officer Alford initiated a traffic stop.

Officer Alford testified he observed a "very strong" odor of alcohol; the defendant's speech was slurred; and he appeared to be intoxicated. The defendant informed the officer that he had been to Hog Wild, a local bar, that he had consumed seven or eight beers, and that he knew he should not be driving.

Officer Alford asked the defendant to exit his vehicle and conducted a series of field sobriety tests. The officer testified the defendant performed "poorly" on the finger-to-nose test and touched his upper lip rather than the tip of his nose on two occasions. Officer Alford stated the defendant performed "very poorly" on the walk-and-turn test and was "staggering." The officer explained that he did not ask the defendant to perform the one legged stand test because "it was pointless as far as his balance and trying to perform the test accurately." Officer Alford testified that based upon his experience and observations, he believed the defendant was too intoxicated to operate a vehicle.

Upon transporting the defendant to the city jail, Officer Alford asked the defendant to take a breathalyzer test and explained the consequences of his refusal; nevertheless, the defendant refused. The officer subsequently learned that the defendant's license had been revoked.

State v. Terry Byington, No. E2003-02814-CCA-R3-CD, Sullivan County, slip op. at 1-2 (Tenn. Crim. App. Apr. 30, 2004), app. denied (Tenn. Oct. 4, 2004).

The Defendant did not move to seek recusal of the trial judge during the trial. At the trial, a certified copy of the Defendant's driving history was received into evidence. The trial court ruled that if the Defendant testified, the State could question about an old conviction for perjury because its probative value substantially outweighed its prejudicial effect.

At the sentencing hearing, the Defendant stated that he was concerned because the trial judge had prosecuted him when she was an assistant district attorney general. The following exchange took place:

| [DEFENSE COUNSEL:] | You indicated last time [the judge] had no recollection of ---- |
|---|---|
| [THE DEFENDANT:] | Well, no, she said she had a recollection. She just said she couldn't remember what for exactly. |
| [DEFENSE COUNSEL:] | Is there anything that you can remember that you think would be a -- -- she could remember against you, sir? |
| [THE DEFENDANT:] | I don't really know. |
| [THE COURT:] | You want him to jog my memory because I don't remember you. |
| [THE DEFENDANT:] | I don't really know whether there was any one recollection. To be honest with you, she was the prosecuting attorney on the HTO. |
| [DEFENSE COUNSEL:] | Okay, and you had asked your prior attorney to bring that to the Court's permission [sic] about asking her to recuse herself? |
| [THE DEFENDANT:] | Well, he brought it up but that's about as far as it went. |

The Defendant raised the issue of recusal again as a ground for relief in his first motion for new trial. At that hearing, the following exchange took place:

| [DEFENSE COUNSEL:] | If Your Honor please, I think the [issue of recusal] we've raised at every step, and Your Honor may recall that. I think [the Defendant] indicated in, I believe it was 1985, that he was prosecuted for violation of HTO and . . . he indicates you were the prosecutor and based upon that he was |

|                | asking that the trial would have not gone forward, that respectfully that would not have been proper for Your Honor to have heard that case, and that is the basis of that ground. |
|----------------|-----|
|                | . . . . |
| THE COURT:     | I have discussed on the record and ruled before on whether I should recuse myself, and again, I find that that ground, there's no basis for that ground for a Motion for New Trial. There's no allegation of anything other than I just previously prosecuted him . . . . |
|                | If I prosecute you I don't sentence you but, you know, I don't know, if I recuse myself just because I'd prosecuted somebody I'd have about three cases a year . . . you know, I had no specific recollection. I don't think there were any allegations of anything that I knew about him that ---- his record, it's in the presentence report. It's public record of whether or not he's been convicted before and nothing ---- I didn't represent him or anything to where I'd have knowledge of any matters that weren't presented in open court on the previous prosecution, so it's denied . . . . |

At the post-conviction hearing, the Defendant testified that his attorney made a motion for recusal at "every stage" because the trial judge had prosecuted him in 1986 as a habitual traffic offender and that the conviction was used to enhance his sentence. The trial court questioned the Defendant about the habitual traffic offender conviction. The Defendant agreed that he pled guilty to that offense and that he had two prior felony convictions, which made him a Range II offender.

After this court granted a delayed appeal, a hearing was held on the second motion for new trial. The Defendant testified that the judge had prosecuted him for being a habitual traffic offender when she had served as an assistant district attorney general. He said that the issue was brought before the trial court and that the judge would not agree to recuse herself from the trial proceedings. He agreed that the judge had reserved judgment on whether evidence of an old perjury conviction would be admitted until he decided whether he would testify. He said he did not testify at the trial. He said that the perjury conviction was ultimately used against him and that the judge made

-4-

references to his continuing to violate the law. He agreed that the judge's reference could have originated from her knowledge of his criminal record by virtue of her having served as an assistant district attorney general. He said that he did not believe he received a fair trial and that he felt there "was more of a possibility . . . than not" of bias against him.

The trial court denied the Defendant's motion for new trial. The court found that the trial judge who presided over the Defendant's trial, sentencing, and first motion for new trial acted within her discretion when she declined to recuse herself from the proceedings.

In this appeal, the Defendant contends that the trial judge committed reversible error in failing to recuse herself because she had prosecuted the Defendant as an assistant district attorney general for an offense that she used to enhance the Defendant's sentence. The State contends that the trial judge did not commit reversible error when she declined to recuse herself and claims that the Defendant has waived this issue for failure to raise a contemporaneous objection.

While the failure to seek recusal in a timely manner may result in a waiver of a party's right to question a judge's impartiality, a reviewing court may nonetheless address the merits of a recusal issue because of the fundamental right of a criminal defendant to a fair trial. See Bd. of Prof'l Responsibility v. Slavin, 145 S.W.3d 538, 548 (Tenn. 2004); Davis v. Tenn. Dep't of Emp. Sec., 23 S.W.3d 304, 313 (Tenn. Ct. App. 2000); see also In re Cameron, 51 S.W. 64, 78 (Tenn. 1912).

A trial judge should grant a motion to recuse whenever his or her impartiality can reasonably be questioned. Alley v. State, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994). Recusal is "warranted when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge would find a reasonable basis for questioning the judge's impartiality." Id. The standard of review on appeal is whether the trial court abused its discretion by denying the motion. Slavin, 145 S.W.3d at 546 (Tenn. 2004); State v. Cash, 867 S.W.2d 741, 749 (Tenn. Crim. App. 1993). The Code of Judicial Conduct states in pertinent part:

> (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
>
> > (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding;
> >
> > (b) the judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge has been a material witness concerning it[.]
> > . . . .

Tenn. S. Ct. R. 10, Canon 3.E.(1)(a)-(b).  The commentary to this section provides:

> A lawyer in a government agency does not ordinarily have an association with other lawyers employed by that agency within the meaning of Section 3E(1)(b); a judge formerly employed by a government agency, however, should disqualify himself . . . in a proceeding if the judge's impartiality might reasonably be questioned because of such association.

However, a judge is not required to recuse herself merely because she prosecuted the defendant in a prior crime.  See State v. Warner, 649 S.W.2d 580, 581 (Tenn. 1983).  The disqualification of a judge from a case in which she had been involved "is limited by its very language to the cause on trial and does not include prior concluded trials or guilty plea convictions used to support a habitual criminal charge."  Id.

We conclude that the trial judge did not abuse her discretion when she refused to recuse herself in the Defendant's trial and sentencing.  The judge was not precluded from presiding over the Defendant's case merely because she had prosecuted him in the past.  The Defendant did not show that the judge had a personal prejudice or bias against him.  In addition, the record shows that the judge did not rely on knowledge gleaned solely from her position as an assistant district attorney when she sentenced the Defendant.  The judge received a certified copy of the Defendant's driving history at the trial, which listed his traffic offenses.  At the hearing on the first motion for new trial, the judge stated that she relied on the presentence report, which detailed the Defendant's criminal convictions.  The Defendant admitted that he had prior felony convictions, and his criminal history was undisputed.  The Defendant is not entitled to relief on this issue.

In consideration of the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE