### J. M. CHISHOLM v. J. H. ANDREWS ET AL.

EXECUTION SALE.  *Interest of vendor by title-bond.*
> The interest in land which the vendor by title-bond has, where part of
> the purchase-money has been paid by the vendee in possession, is
> not salable under execution, and the purchaser from the sheriff can-
> not by bill in equity ascertain and subject such interest.  *Bell* v.
> *Flaherty*, 45 Miss. 694, criticised.

APPEAL from the Chancery Court of Yazoo County.
Hon. E. G. PEYTON, Chancellor.
*Nugent & McWillie*, for the appellant.
The judgment-creditor of the vendor can subject the unpaid
purchase-money in the vendee's hands.  *Money* v. *Dorsey*, 7
S. & M. 15.  A purchaser at the execution sale takes the ven-
dor's interest in the land, subject to prior equities.  *Bell* v.
*Flaherty*, 45 Miss. 694.  His rights relate back through the
sheriff's deed to the judgment, and he obtains the judgment-
creditor's rights.  *Cocke* v. *Lane*, 3 S. & M. 763 ; *Kelly* v.
*Mills*, 41 Miss. 267 ; *Walton* v. *Hargroves*, 42 Miss. 18 ; *Lam-
beth* v. *Elder*, 44 Miss. 80 ; *Humphreys* v. *Merrill*, 52 Miss. 92.
Such purchaser, on showing the vendee's default, can in
equity compel a discovery, and have the land sold, and the
balance of the proceeds paid to him, after refunding what
purchase-money has been paid.  *Wright* v. *Henderson*, 7 How.
539 ; *Hopkins* v. *Carey*, 23 Miss. 54.

*A. M. Harlow*, on the same side.

*Hudson & Hudson*, for the appellees.

Possession of land under a title-bond is notice of title to a subsequent purchaser. *Dixon* v. *Lacoste*, 1 S. & M. 70 ; *Hall* v. *Thompson*, 1 S. & M. 443 ; *Wilty* v. *Hightower*, 6 S. & M. 345 ; *Walker* v. *Gilbert*, 7 S. & M. 456 ; *Jones* v. *Loggins*, 37 Miss. 546 ; *Bell* v. *Flaherty*, 45 Miss. 694 ; *Strickland* v. *Kirk*, 51 Miss. 795 ; *Taylor* v. *Lowenstein*, 50 Miss. 278. The last case is similar to the one at bar. The appellant acquired no title by his purchase at the execution sale, and cannot maintain a bill against the owner, of whose title he had notice.

CHALMERS, J., delivered the opinion of the court.

The appellant having purchased, or attempted to purchase, at execution sale, a tract of land, which the defendant in execution had sold by title-bond before the rendition of the judgment, and of which the vendee under the title-bond held possession, filed this bill to ascertain and reach the interest of the vendor. The bill cannot be maintained. It is the settled doctrine of this court that the vendor of land by title-bond, where any part of the purchase-money has been paid, has no interest in the land which is vendible under execution. *Money* v. *Dorsey*, 7 S. & M. 15 ; *Taylor* v. *Lowenstein*, 50 Miss. 278. It seems to have been intimated in *Bell* v. *Flaherty*, 45 Miss. 694, that the execution-purchaser, under such circumstances, while he did not acquire the legal title to the land, might by bill in equity reach and subject the money due by the vendee. The decisions of this court lend no sanction to this view. It has been uniformly held that the vendor by title-bond occupies towards the land sold the attitude of a mortgagee ; and with equal uniformity it has been declared that, a mortgage being a mere security for a debt, the interest of the mortgagee was not vendible under execution. If not vendible, nothing, of course, passes by the sale, and the purchaser from the sheriff, having acquired nothing, has no *locus standi* in any court. *Buckley* v. *Daley*, 45 Miss. 338 ; *Beckett* v. *Dean*, *ante*, 232.

*Decree dismissing bill affirmed.*