## STRAUSS *v*. WHITE.

### Opinion Delivered February 4, 1899.

1. POSSESSION—WHEN NOTICE OF TITLE.—Actual possession of land by a vendee under bond for title is sufficient notice of his title, relieving him of the necessity of filing his bond for record as protection against subsequent purchasers. (Page 169.)

2. BOND FOR TITLE—EFFECT.—When the owner of land sells it, takes the vendee's notes for the purchase money, and executes to him a bond for title, the effect of the contract is to create a mortgage upon the land in favor of the vendor to secure the purchase money. (Page 170.)

3. SAME—VENDOR'S INTEREST—SALE UNDER EXECUTION.—The interest of a vendor of land who has given a bond for title is not subject to sale under execution issued against him. (Page 170.)

Appeal from Jefferson Chancery Court.

JAMES F. ROBINSON, Judge.

*N. T. White*, for appellants.

Possession under bond for title is notice of the claim anu rights of the possessor. ' 27 Ark. 63; 29 Ark. 352; 60 Ark. 90. The legal effect of such a transfer is to vest title in the purchaser, subject to the equitable mortgage right of the vendor. A mortgagee's interest in mortgaged property is not subject to attachment or execution. 13 Ark. 534; 18 Ark. 61; 41 Ark. 285; 40 Ark. 149. But the mortgagee's interest is. 15 Ark. 187, 188; 25 Ark. 277; 33 Ark. 230; 13 Ark. 534. Whether or not the appellee had notice, he purchased subject to the rule of *caveat emptor*. 31 Ark. 252; 32 Ark. 396; 34 Ark. 85; 42 Ark. 422; 53 Ark. 137. The actual possession of appellant was notice. 34 Ark. 391; 33 Ark. 465; 41 Ark. 169; 54 Ark. 273; 58 Ark. 258. The burden is on the plaintiff, and he must succeed on the strength of his own title. 62 Ark. 57; 47 Ark. 215; *id.* 413; 40 S. W. 703. Before estoppel can be relied upon, it must be shown that the party invoking the defense relied upon the conduct of the other, and was misled and damaged thereby. 24 Ala. 446; 49 N. Y. 111; 126 Ill. 310.

*J. M. & J. G. Taylor*, for appellee.

Appellant's acquiescence in the sale estops him now to attack it. 39 Ark. 131. Pleadings in one suit may be read in evidence against the one making them in another suit. 2 Whart. Ev. § 838; 53 Fed. 438; 1 Greenl Ev. § 174. An occupant having notice of an adverse claim is no longer a *bona fide* possessor. 45 Ark. 413; 8 Wheat. 79; Sedgw. & Wait, Trial of Title to Land, § 705.

BATTLE, J. Robert L. White instituted an action of ejectment against Abraham Strauss and Henry Charles, to recover the possession of a certain tract of land, which is described in his complaint. All parties claim to have acquired title to the land through Isom Jones. Plaintiff alleges that Frank Tomlinson recovered judgment against him; that an execution was issued on the same; that the land in controversy was levied upon and sold, as his property, under the execution, on the first day of November, 1881, to Frank Tomlinson, and was conveyed to him by the sheriff, who made the sale, on the sixth day of

November, 1882; that he (plaintiff) recovered a judgment against Frank Tomlinson in the circuit court of the United States for the eastern district of Arkansas, on the 24th of October, 1883; that he caused an execution to be issued upon this judgment; that the marshal, to whom it was directed, levied upon the land in controversy, as the property of Tomlinson, to satisfy it, on the 24th of August, 1886, and sold the same to the plaintiff on the 23d of September, 1886, and, on the 19th of October, 1887, conveyed the land to the purchaser.

The defendants claim title and hold possession under a sale of the land under an execution issued upon a judgment recovered by James Hancock & Co. against Frank Tomlinson, a mortgage executed by Isom Jones to Sam Berlin, on the 7th of February, 1880, a deed of mortgage executed by Isom Jones to H. Strauss on the 31st of March, 1881, a deed executed by Isom Jones to Abraham Strauss on the 26th of October, 1882, a deed executed by M. L. Bell to Abraham Strauss on the 23d of June, 1886, and a bond for title executed by Frank Tomlinson to Henry Charles on the 14th of April, 1883.

It will be unnecessary to relate or consider the evidence as to the muniments of title under which the defendants claim, except the bond for title. The fact that they claim under many deeds does not make it necessary for them to sustain their claim under each and all of them. They had the right to strengthen their title by the purchase of conflicting claims, and can defeat the recovery of the land by the plaintiff, if any of them shows that he is not entitled to the possession.

The plaintiff recovered judgment against Frank Tomlinson on the 24th of October, 1883. Prior to that day, on the 14th of April, 1883, Frank Tomlinson, by his bond for title, sold the land to Henry Charles for the sum of $200, received $30 of this amount, and agreed to convey the land to him when the remainder of the $200 was paid. Charles took possession and was in possession, cultivating the land, at the time and before plaintiff recovered a judgment against Tomlinson. This possession was notice to plaintiff of the title or claim under which Charles held, and relieved him of the necessity of filing his bond for record, in order to protect himself against plaintiff's claim.

Abraham Strauss purchased Charles' interest in the land, and received from him the bond executed by Tomlinson and no other evidence of title, and took possession of the land. He has since died, and his heirs, who have been made defendants, claim the land in his right. Can they hold it?

It has been uniformly held by this court that when the owner sells land, "takes the notes of the vendee for the purchase money, and executes to him a bond for title, the effect of the contract is to create a mortgage in favor of the vendor upon the land to secure the purchase money, subject to all the essential incidents of a mortgage, as effectually as if the vendor had conveyed the land by an absolute deed to the vendee, and taken a mortgage back to secure the purchase money." *Smith* v. *Robinson*, 13 Ark. 533; *Lewis* v. *Boskins*, 27 Ark. 61; *Holman* v. *Patterson*, 29 Ark. 357; *McConnell* v. *Beattie*, 34 Ark. 113; *Harris* v. *King*, 16 Ark. 126; *Moore* v. *Anders*, 14 Ark. 633. "It follows, then," says the court in *Hardy* v. *Heard*, 15 Ark. 188, "that the vendee, in analogy to the mortgagor, is the owner of an equity of redemption, and that this is the real and beneficial estate, which is descendible by inheritance, devisable by will, and alienable by deed, precisely as if it were an absolute estate of inheritance at law (4 Kent, 59, 160), subject, of course, to the rights of the vendor." This court has also declared that, a mortgage being a mere security for a debt, the interest of the mortgagee is not vendible under execution. *State* v. *Lawson*, 6 Ark. 269; *Trapnall* v. *State Bank*, 18 Ark. 61; *Meadow* v. *Wise*, 41 Ark. 285; *Harman* v. *May*, 40 Ark. 149. It is, therefore, plain that plaintiff, White, acquired no right or title to the land in controversy by his purchase, and, consequently, no right to the possession thereof. *Chisholm* v. *Andrews*, 57 Miss. 636; *Taylor* v. *Lowenstein*, 50 Miss. 282. As he can recover only upon the strength of his own title, and not upon the weakness of his adversary's, the defendants are entitled to hold the land, they being in possession.

The decree of the chancery court is, therefore, reversed, and the cause is remanded, with directions to the court to enter a decree in accordance with this opinion.