MIDLAND SAVINGS & LOAN COMPANY *v.* BROOKS.

Opinion delivered June 4, 1928.

472

*Jno. D. Rogers* and *P. P. Bacon,* for appellant.

*Frank S. Quinn,* for appellee.

HART, C. J., (after stating the facts). As will be seen from our statement of facts, on the 5th day of May, 1926, Dan Dewberry entered into a written contract with Paul R. Brooks for the sale of the lot in controversy. After making a small cash payment, Brooks executed a note to Dewberry for the balance of the purchase money, and was placed in possession of the property. He has actually resided on the property since the date of his purchase, and was residing there at the time a mortgage was executed by B. V. Long and wife to the Midland Savings & Loan Company, on the 18th day of May, 1926. The possession of the property by Brooks and wife at the time the mortgage to the Midland Savings & Loan Company was executed was equivalent to actual notice to that company of the title, rights and equities of the occupants. *Thalheimer* v. *Lockert,* 76 Ark. 25, 88 S. W. 591; *Naill* v. *Kirby,* 162 Ark. 140, 257 S. W. 735; *First National Bank of Paris* v. *Gray,* 168 Ark. 12, 268 S. W. 616; *Reed* v. *Ziff Lodge 119 Order of Masons,* 175 Ark. 980, 1 S. W. (2d.) 1000; *Crawley* v. *Neal,* 152 Ark. 232, 238 S. W. 1054; *American Building & Loan Association* v. *Warren,* 101 Ark. 163, 141 S. W. 765. In the case last cited the law applicable to cases of this sort is clearly stated as follows:

"Ordinarily, possession by a person under a contract of purchase, although unrecorded, is notice of his equitable rights and interests in the property. Actual possession is evidence of some title in the possessor, and puts the subsequent purchaser or mortgagee on notice as to the title which the occupant holds or claims in the property. Generally, actual, visible and exclusive possession is notice to the world of the title and interest of the possession in the property, and it is incumbent upon the subsequent purchaser or mortgagee to make diligent inquiry to learn the nature of the interest and claim of such possessor, and, if he does not do so, notice thereof will be imputed to him."

In the case at bar Brooks went into possession of the lot as soon as he purchased it, and made payments of the purchase money under the terms of his contract to the amount of $420. He testified that he did this in good faith, and his testimony is not contradicted. The other evidence in the case shows that Dan Dewberry purchased the property from Mrs. Agnes McCall and had the title put in the name of B. V. Long for his benefit. Brooks did not have any notice of this, and, relying upon the assertions of Dan Dewberry, believed that the title was in Dewberry at the time he purchased the lot, and entered into possession of it. There is nothing whatever in the record to impeach the good faith of Brooks in the purchase of the property. Dewberry represented that the title was in him when he made the contract with Brooks, and Brooks signed the note for the purchase money and entered into possession of the property, believing that he was acquiring a good title thereto. B. V. Long admitted that the property was purchased by Dan Dewberry from Mrs. Agnes McCall and that the title was taken in the name of B. V. Long for the benefit of Dan Dewberry, and that he (Long) had no interest whatever in the property. Under these circumstances Brooks had an equitable interest in the property, and his possession of it was notice to the

defendant, the Midland Savings & Loan Company, of his rights.

It follows that the decree of the chancery court will be affirmed.