WILKINS *v.* JERNIGAN, BANK COMMISSIONER.

4-4938

Opinion delivered February 7, 1938.

*G. C. Hardin, Chastain & Chastain* and *E. D. Chastain,* for appellant.

*R. S. Wilson,* for appellees.

DONHAM, J. On the 27th day of November, 1929, E. E. Rudy executed and delivered to the First National Bank of Van Buren, Arkansas, his note for borrowed money in the sum of $4,250, and as security therefor executed and delivered to the bank a first mortgage on various tracts of land, including, as stated in the mortgage, "all my interest and expectancy" in certain lands. To a portion of these lands covered by the mortgage the said Rudy owned the fee simple title. To the lands described after the expression "all my interest and expectancy," the said Rudy had no title. These lands belonged to Mrs. Alice G. Rudy, mother of E. E. Rudy.

The First National Bank was later consolidated with the Crawford County Bank and the consolidated bank took the name of First & Crawford County Bank. The assets of the First National Bank became the property of the consolidated bank. Said consolidated bank became

insolvent in 1933; and its affairs were taken over by the Bank Commissioner for the purpose of liquidation.

Mrs. Alice G. Rudy, mother of E. E. Rudy, died testate in 1934. The exact date of her death is not shown; however, her last will and testament was admitted to probate on the 15th day of October, 1934. By her will, the mother devised to E. E. Rudy an undivided one-half interest in the lands he had described in the aforesaid mortgage to the First National Bank of Van Buren after the expression "all my interest and expectancy."

Payments were made on the mortgage debt and the maturity of the note extended from time to time so that the statute of limitation did not run; and on January 2, 1936, the Bank Commissioner filed suit to foreclose the mortgage.

In the year 1930, the appellant, J. T. Wilkins, brought suit in Crawford county against the said E. E. Rudy; and on March 11, 1930, obtained a judgment against the said E. E. Rudy in the sum of $1,196. Said judgment was never fully paid. On the 14th day of August, 1936, while the aforesaid foreclosure suit was pending, the appellant Wilkins procured an execution on the balance due on said judgment and had same levied on the lands which the said E. E. Rudy had obtained by last will and testament from his mother, these being the same lands which he had described in the mortgage above-mentioned to the bank after the expression in the mortgage "all my interest and expectancy" in, etc. Prior to the issuing of the execution, the appellant had assigned his interest in said judgment to N. O. Nuswanger. The date when the levy was made is not shown by the record. After having made said levy, the sheriff advertised the sale of said lands for October 3, 1936.

On the 22nd day of August, 1936, E. E. Rudy deeded the interest in said lands which his mother had left to him by last will and testament to appellee herein, the consideration in said deed being the satisfaction of the mortgage, suit for foreclosure of which was then pending in the Crawford chancery court.

On September 17, 1936, the plaintiff, being appellee herein, amended his complaint and made J. T. Wilkins and the sheriff parties, asserting the priority of his lien under said mortgage and asking that the sale be restrained to prevent a cloud upon his title. Notice of the application for restraining order was duly served, and Wilkins appeared and demurred to the jurisdiction of the court, which demurrer was overruled; and on September 29, 1930, the restraining order was granted. On October 3, 1936, Wilkins filed a motion to dissolve the restraining order, but same was not acted upon by the court. Answer was filed by Wilkins to this amendment to the complaint; and on May 13, 1937, the case coming on for trial, the court rendered a decree in favor of the State Bank Commissioner, appellee herein, against Wilkins, appellant herein, finding that Wilkins had assigned all his interest in the judgment on which he had had execution issued; and that, in any event, the lien of the mortgage was prior and paramount to that of the execution, even if it had been rightfully issued. The court permanently enjoined the sale of the lands on which said execution had been levied and dismissed Wilkins' prayer for relief, from which decree and judgment of the court Wilkins duly excepted and prayed an appeal to this court.

The issues raised by this appeal may be stated as follows:

(1) Did E. E. Rudy have a right to mortgage his "interest and expectancy" in his mother's estate?

(2) If so, does the doctrine of after-acquired title apply, as provided by § 1798 of Pope's Digest?

(3) What is the effect of the conveyance of E. E. Rudy and wife of August 22, 1936?

(4) Did appellant have any right to obtain an execution on a judgment which he had assigned to a third party and which, if the assignment is valid, he did not then own?

(5) Did the chancery court have the right under the evidence in the case to enjoin the sale under said execution to prevent clouding the title of appellee?

(6) If not, would appellant now have any lien under any circumstances, where the lien of the judgment had long been barred by statute and the execution sale was never had nor the execution returned within sixty days?

We find it unnecessary to pass upon more than one of these issues, that being the third. If the deed from E. E. Rudy and wife to appellee, bearing date of August 22, 1936, was valid, and if the lien claimed by appellant by reason of his execution was not superior to the title conveyed to appellee, then it is wholly unnecessary to pass upon the other issues in the case, for if appellee was an innocent purchaser of said lands for value, then the trial court was correct in holding that appellee's claim to the lands described in said deed is superior and paramount to the claim of the appellant Wilkins.

As stated, the appellant's execution was issued on August 14, 1936. The record is silent as to when it was levied on the lands involved in this suit. Notice of sale was given on September 3, this being the date of the notice, copy of which was introduced in evidence. As stated, the date of the deed of Rudy and wife to appellee was August 22, 1936, being eight days after the execution was issued. However, there was no *lis pendens* filed as provided by the statute. Section 8962 of Pope's Digest provides:

"It shall be the duty of the sheriff, United States Marshal or other officer levying upon any real estate under and by virtue of any writ of attachment, execution or other process, to file with the recorder of deeds of the county in which the real estate is situated a certificate of such levy or seizure, together with a correct and full description of the real estate levied upon or seized by him; and it shall be the duty of the recorder of deeds to index and record the same in the same manner as hereinbefore provided for notice of *lis pendens*."

This court held in the case of *Oil Fields Corp.* v. *Dashko*, 173 Ark. 533, 294 S. W. 25, that the common-law and equity rule of *lis pendens* has been abrogated by the statute and that since the statute was enacted an

action affecting the title is not *lis pendens* until notice has been filed in compliance with the statute. Citing, *Henry Wrape Co.* v. *Cox,* 122 Ark. 445, 183 S. W. 955; *Steele* v. *Robertson,* 75 Ark. 228, 87 S. W. 117; *Hudgins* v. *Schultice,* 118 Ark. 139, 175 S. W. 726; *Jones* v. *Ainell,* 123 Ark. 532, 186 S. W. 65.

The above section of the statute was not complied with and there was no notice, therefore, by way of *lis pendens*; nor, as we view the record, was there any actual notice. This court has held that whatever puts a party on inquiry amounts to notice where the inquiry becomes a duty and would lead to knowledge of the requisite facts by the exercise of ordinary diligence and understanding. *Richards* v. *Billingslea,* 170 Ark. 1100, 282 S. W. 985; *Jordan* v. *Bank of Morrilton,* 168 Ark. 117, 269 S. W. 53; *Walker-Lucas-Hudson Oil Co.* v. *Hudson,* 168 Ark. 1098, 272 S. W. 836.

There is no testimony in the record tending to prove that the appellant gave any actual notice to the appellee that an execution had been issued or levied on the lands involved. The only inquiry, then, is whether or not the appellee, prior to his purchase, had notice of sufficient facts to put him upon inquiry, which, if pursued with due diligence, would have advised him of the issuance and levy of said execution. The record does not show that appellee had any knowledge whatever that an execution had been issued. Even if an abstract of title to the lands had been made, nothing would have appeared in the abstract to apprise appellee of the issuance of the execution, for the execution was not recorded as required by the statute; and, hence, an abstractor would have known nothing about it. It is true that counsel for appellee says in argument: "No, there is no *lis pendens,* but appellee's solicitor will not deny that he had knowledge of the issued execution soon after its date, and that is notice to appellee." There is nothing in the record to show that appellee's solicitor had knowledge of the execution soon after it was issued. In fact, as already stated, there is nothing in the record to show that he had any knowledge whatever about the

execution until after the date of the deed to appellee, August 22, 1936.

There was no notice by *lis pendens* and no actual notice. We must, therefore, hold that appellee was an innocent purchaser in good faith.

Appellant contends that there was no consideration for the deed of Rudy and wife to appellee. The consideration, as expressed in this deed, is as follows: "For consideration of the sum of $1 paid by Marion Wasson, Bank Commissioner, and in consideration of the satisfaction of a certain mortgage heretofore executed in favor of the First National Bank 2nd of December, 1929, appears of record in Record 129, p. 408." It will, therefore, be seen that the consideration included the satisfaction of said mortgage, not only as to the lands of the mother of Rudy which he did not own at the time, but also as to all other lands included in the mortgage. This is a valid consideration and is sufficient against any attack on the deed for want of consideration. We, therefore, hold that the appellee, Bank Commissioner, was a *bona fide* purchaser of the lands described in the deed. That is, he was a purchaser for a valuable consideration in the absence of notice and with the presence of good faith. These elements, it was held in *Cramer* v. *Remmel,* 132 Ark. 158, 200 S. W. 811, are sufficient to make one a *bona fide* purchaser of land.

The court decreed that appellee's claim to the lands described in said deed is superior and paramount to the claim of the appellant, Wilkins. The court further permanently restrained appellant from selling said lands under execution and confirmed and quieted the title in appellee to the extent of his interest in said lands as set out in the aforesaid deed of conveyance. We find that the decree of the trial court is correct. Our conclusion upon the whole record is that the appellee is an innocent purchaser for value of the lands in controversy. Therefore, the decree of the trial court, dismissing appellant's prayer for relief and in permanently restraining appellant from selling said lands under execution and in confirming and quieting title in appellee, is affirmed.