HENDERSON *v.* OZAN LUMBER COMPANY.

4-8959                                     224 S. W. 2d 30

Opinion delivered November 7, 1949.

*Wendell Epperson* and *Alfred Featherston,* for appellant.

*Tompkins, McKenzie & McRae,* for appellee.

ED. F. McFADDIN, Justice. This litigation is between the holder of an unrecorded timber deed and the subsequent purchaser of the land. The controlling question is whether such purchaser had notice of the timber deed prior to his acquisition of the land. The law on the point is well settled. In *Millman Lumber Co.* v. *Bryant,* 213 Ark. 277, 209 S. W. 2d 878 we reviewed many of our earlier cases, and quoted with approval the rule stated in Devlin on Real Estate, 3rd Ed., § 725:

" 'It is a well settled rule, both in England and in this country, that subsequent purchasers who have notice of a prior unrecorded deed, acquire their rights in subordination to it. They are affected by their knowledge of its existence in the same mode, and to the same extent, as if the deed had, prior to their purchase, been properly recorded. Whatever is notice enough to excite

attention and put a party on guard and call for inquiry is notice of everything to which such inquiry might lead. When a person has sufficient information to lead him to a fact he shall be deemed conversant of it.' ''

Appellant recognizes the law to be as quoted, but claims that the facts are in his favor; that is, he claims that the chancery court erred in finding that the appellant had sufficient notice of the prior deed to Ozan Lumber Company (hereinafter called ''Ozan.'' ). Thus we are brought to a consideration of the facts.

In 1945, LeRoy Denton, being the owner of the land in question, conveyed the timber to appellee, Ozan, by a deed which allowed ten years for timber removal. This deed was not recorded. In 1946, Denton conveyed the land to appellant, Henderson, and neglected to insert language in the deed to show the previous sale of the timber. When Henderson cut some of the timber Ozan filed this suit for injunction and damages. Henderson testified that when he purchased the land, he received no information or notice from anyone that the timber had been sold to Ozan; but his testimony was controverted by two witnesses, being LeRoy Denton and Laymon Lamb.

Denton testified that Henderson received his deed at the bank, and then added:

''A. When I walked out of the bank, Henderson remarked to me about the length of time.

Q. That was after the deed had been executed?

A. Yes, I know that was after the deed was made. That goes to prove that he knew about it. He wasn't asking me about it.

Q. After you left the bank, Henderson remarked what?

A. 'Reckon we can get them to cut the timber off before ten years?' ''.

Lamb, who negotiated the sale from Denton to Henderson, testified as to his conversation with Henderson prior to the delivery of the deed:

"Q. Was there anything said about the timber at that time?

A. I told him the timber did not go, that LeRoy had already sold the timber to Ozan.

Q. That the timber had been sold to Ozan Lumber Company?

A. That is right."

Thus it was a fact question as to whether Henderson, when he purchased the land, had notice that the timber had been sold to Ozan with ten years' right of removal. The chancellor saw the witnesses and heard them testify;[1] and we cannot say that his finding is contrary to the preponderance of the evidence. Neither can we say that there was any error in the amount of damages found by the chancellor to be due Ozan.

Affirmed.

---

[1] See *Murphy* v. *Osborne*, 211 Ark. 319, 200 S. W. 2d 517.