David MASSEY *v.* Jody WYNNE and Judy Wynne

90-16                                              791 S.W.2d 368

Supreme Court of Arkansas
Opinion delivered July 2, 1990

590

*Penix Law Firm*, for appellant.

*Skillman and Durrett*, by: *Chadd L. Durrett, Jr.*, for appellees.

ROBERT H. DUDLEY, Justice. The T.V.W. Corporation, a salvage company which is principally owned by T.V. Wallis, borrowed money from the Bank of Tyronza to purchase the Federal Compress Company's seventeen acres of real property in Marked Tree. T.V.W. intended to raze the old compress buildings, remove the large pieces of debris, bury the small ones, and then sell the reclaimed real estate for enough to pay off the bank note, and also make a profit for itself.

On December 18, 1987, T.V.W. entered into a written contract to sell fifteen of the acres to the appellees, Jody and Judy Wynne, for $50,000.00. The purchase price was to be paid when the land reclamation was finished, but in no event more than one year from the date of signing. Neither party recorded the contract. On September 7, 1988, while the contract with appellees was still executory, T.V.W. conveyed the same property by warranty deed to appellant, David Massey, for $6,000.00 cash and assumption of the $82,000.00 debt to the bank. Appellant recorded his warranty deed. Appellees subsequently recorded their contract. This case involves the competing claims of

appellant and appellees for the fifteen acres.

Recordation of an instrument which affects title to real property is constructive notice of that interest to all persons from the time the instrument is filed. Ark. Code Ann. § 14-15-404(a) (1987). If an instrument affecting title to real property is not recorded in the clerk's office of the county where the real estate is situated, then it shall not be valid against a subsequent purchaser of the real estate *unless* that purchaser had actual notice of the prior interest. Ark. Code Ann. § 14-15-404(b) (1987). A subsequent purchaser will be deemed to have actual notice of a prior interest in the property if he is aware of such facts and circumstances as would put a man of ordinary intelligence and prudence on such inquiry that, if diligently pursued, would lead to knowledge of those prior interests. *Bowen* v. *Perryman*, 256 Ark. 174, 506 S.W.2d 543 (1974). The Chancellor found that appellant had actual notice of appellee's interest in the property, and accordingly, vested title in the appellees. We affirm that finding.

Appellant contends that the question of whether he had actual notice of appellees' prior interest in the property is a mixed question of law and fact. First, he argues that the evidence, as a matter of law, was not sufficient to establish such facts and circumstances as would put a man of ordinary intelligence and prudence on inquiry. Second, he argues that even if the evidence was sufficient to put him on inquiry, he satisfied that inquiry by consulting an attorney and by searching the records. There is no merit in either argument.

Here, there was testimony that appellee Jody Wynne and appellant had at least two conversations in which appellant asked appellee about the land that he had "purchased":

> A. The first occasion, my wife and I [appellee] went out to Polly's Cafe, one night, and ate. And then he and his wife and children came in. And they brought up the fact to . . . he did, of the compress property that we had purchased, had we made any plans, or were we going to sell any. And I told him, at that point, that . . . uh . . . we hadn't made any plans and were not going to make any plans on developing or selling anything until it was cleaned up and complete.

\* \* \* \*

A. Yes, sir. There was another occasion. I went to his grandfather's store, . . . He approached me at the doorway and asked me, would you consider selling me some of the land that you have purchased on the old Federal Compress. And at that point I said, yes, David, I would. I said, but I'm not really making any commitments to anyone on selling any property until it's all completely finished up, cleaned up, and I've paid for it, and then I will make a decision on what I'm going to do with the land.

In addition, appellee testified that when appellant came to his office and showed him the warranty deed appellant "laughed and said. . .T.V. Wallis told me the contract you and he had wasn't worth the piece of paper it was written on." Finally, when asked if appellee had ever told him that he had bought the land, appellant himself testified, "No, sir. He indicated at one time that he was in the process of buying it."

The chancellor found that appellant had actual notice of appellees' prior interest in the property. We will not reverse a trial court's finding of fact unless it is clearly erroneous. A.R.C.P. Rule 52(a). The chancellor's finding that appellant had actual notice is not clearly erroneous. The above evidence was more than sufficient to put a man of ordinary intelligence and prudence on inquiry concerning appellees' prior interest in the property.

Further, having been put on notice, appellant did not satisfy his obligation to inquire by consulting his own attorney, or by searching the records. There was no evidence that his attorney had any knowledge of the circumstances. Thus, inquiry of the attorney could not have been calculated to divulge information concerning the facts and circumstances about which appellant had notice. In addition, the "actual notice" exception to the protection afforded by Ark. Code Ann. § 14-15-404(b) (1987) clearly intended to cover situations in which a property interest does *not* appear in the records. Accordingly, neither can appellant's search of the records constitute a diligent inquiry.

Appellant repeatedly argues that appellee never informed him about the contract for sale of real property. The point is,

however, that appellant never directly inquired about the contract with the person who could give him the information, appellee. Having actual notice of a prior interest in the property, appellant was obligated to diligently pursue that inquiry. This he did not do.

Affirmed.