2013 Ark. 286

**Arlie WALLS, Zelda Walls, Jonathan Hernandez de la Lama, and Ayesha Hernandez de la Lama, Appellants**

v.

**Noble HUMPHRIES; Elsie Humphries; New Century Production Company, LLC; Paraclifta Land & Minerals Limited Partnership; James A. Claughton; and Southwestern Energy Production Company, Appellees.**

No. CV–12–37.

Supreme Court of Arkansas.

June 27, 2013.

Rehearing Denied Sept. 5, 2013.

Blakney Law Office, by: Brett Blakney; and Tilley & Thomas, by: Albert J. Thomas III, for appellants.

Daily & Woods, P.L.L.C., Fort Smith, by: Jerry L. Canfield and C. Michael Daily, for appellees Southwestern Energy

Production Company and New Century Production Company, LLC.

Danielson Law Firm, PLLC, by: Erik P. Danielson, for appellees Paraclifta Land & Minerals Limited Partnership and James A. Claughton.

COURTNEY HUDSON GOODSON, Associate Justice.

This litigation concerns competing interests in oil-and-gas rights. Appellants Arlie and Zelda Walls and Jonathan and Ayesha Hernandez de la Lama appeal the order entered by the Circuit Court of Van Buren County granting summary judgment in favor of appellees New Century Production Company, LLC (New Century); Paraclifta Land and Minerals Limited Partnership (Paraclifta); James A. Claughton; and Southwestern Energy Production Company (SEECO). For reversal, appellants contend that the circuit court erred in concluding as a matter of law that appellees were bona fide purchasers for value without notice of appellants' superior claim to the oil-and-gas rights in question. They also assert error in the circuit court's award of attorneys' fees to appellees. We reverse and remand.

### Factual Background

In February 1999, appellants Jonathan and Ayesha Hernandez de la Lama (collectively Hernandez), who are residents of Mexico, entered into a real-estate sales contract to buy 100 acres of land located in Van Buren County from Noble and Elsie Humphries (collectively Humphries). The transaction also included the purchase of two tractors and other equipment. By agreement of the parties, Humphries retained the right to use the tractors and equipment until Hernandez paid for the property in full. It is undisputed that the sales contract was not filed of record.

The sales contract included the mineral rights to the property. Nonetheless, in January 2004, Humphries leased the oil-and-gas rights to New Century, which in turn assigned the rights to SEECO.[1] In December 2004, Humphries sold the oil-and-gas rights to Paraclifta and Claughton. In October 2008, Hernandez entered into a contract for the sale of the property to appellants Arlie and Zelda Walls (collectively Walls). That same month, Humphries executed a warranty deed of the property to Hernandez.

In February 2009, appellants Hernandez and Walls filed suit against appellees New Century, SEECO, Paraclifta, and Claughton.[2] In their complaint, they alleged that appellees were not innocent purchasers of the oil-and-gas rights, and they sought cancellation of the lease issued to New Century and the assignment to SEECO, as well as the deed conveying the rights to Paraclifta and Claughton. Subsequently, appellants filed a motion for summary judgment. In their brief, appellants acknowledged the general rule that an instrument in writing affecting real property is not valid against a subsequent purchaser unless it is filed of record in the county where the real estate is located. However, they argued that Hernandez was in possession of the property when the lease and

---

1. In his deposition, Noble Humphries stated that he owned other property in the county and did not realize that the lease and deed of the oil-and-gas rights covered the property under contract of sale to Hernandez.

2. Appellants also filed suit against Humphries, alleging breach of contract, breach of fiduciary duty, and breach of warranty of title. Appellees also filed cross-claims against Humphries. The appellants and the appellees later moved to dismiss their claims against Humphries, and the circuit court entered an order dismissing without prejudice all claims against Humphries.

the deed were executed and that his possession provided sufficient notice of a claim or interest in the property.

As proof of possession, appellants submitted the deposition testimony of Jonathan Hernandez. Mr. Hernandez testified that he initially visited the property five or six times a year and that his family spent a couple of Christmases at the ranch. He said that different members of his family visited on other occasions, particularly his uncle and his mother, who he said spent a great deal of time there. Mr. Hernandez testified that he sold hay and raised horses, chickens, and calves on the ranch and that caretakers lived on the property in his absence. He said that he erected a sign near the road bearing the name "Rancho La Providencia" in honor of his great-grandmother's hacienda in Mexico. Mr. Hernandez stated that this name was also painted on the barn and stenciled onto a tractor. He said that he kept a truck on the property that had a license plate from Chihuahua, Mexico; that he paid for the utilities and insurance; that he reimbursed Humphries for the property taxes; and that he bought agricultural supplies for the ranch from a local store. Mr. Hernandez testified that "it was common knowledge that we lived" on the ranch. He denied that Humphries cared for the property after the sale, and he said that Humphries had permission to use the tractors for his own purposes but that the agreement did not include performing any work on the ranch.

Appellees responded to appellants' motion for summary judgment and also filed summary-judgment motions of their own. Collectively, they took the position that they were bona fide purchasers without notice of Hernandez's interest in the property. They maintained that subsequent purchasers are entitled to the protection of the recording statute unless there is actual notice of an unrecorded interest. Appellees argued that physical possession alone is not sufficient to impart actual notice or to override the Arkansas real-estate recording system. Alternatively, appellees asserted that Hernandez's possession of the property was not exclusive because Hernandez did not reside at the ranch and because Humphries retained the right to enter the property to use the equipment. In support of their arguments, appellees presented the affidavit of Michael English, the project coordinator of New Century. He stated that New Century acts as a leasing agent for SEECO and that during the lease negotiations no one informed New Century of Hernandez's interest in the property. English also averred that title to the property was confirmed by examining the real-estate records in the county and that no representatives of New Century or SEECO viewed the property in advance of obtaining the lease. Jim Williams, an employee of Paraclifta, stated in an affidavit that he searched the land records of Van Buren County and that he was never placed on either actual or constructive notice of appellants' claim to the mineral interests in the property.

Judge Stephen Choate, sitting as special judge for the circuit court, heard the cross-motions for summary judgment. Following the hearing, he denied the parties' motions, finding that questions of material fact remained for trial. Thereafter, appellees renewed their motions for summary judgment, essentially raising the same arguments as before. After a hearing, the circuit court granted appellees' motions for summary judgment, ruling that no fact-questions remained and that appellees were entitled to judgment as a matter of law. Appellees subsequently filed motions for attorneys' fees pursuant to Arkansas Code Annotated section 16–22–308 (Repl. 1999). Over appellants' objections, the circuit court granted appellees' request for

fees. The court awarded $12,000 to the attorney representing New Century and SEECO and $12,000 to the attorney for Paraclifta and Claughton. Appellants filed timely notices of appeal from the circuit court's orders.

■ Initially, this case was heard by the court of appeals, which affirmed the circuit court's order of summary judgment but reversed the awards of attorneys' fees. *Walls v. Humphries*, 2012 Ark. App. 4, 2012 WL 11458. Thereafter, this court accepted the appellants' petition for review. When we grant a petition for review, we treat the appeal as if it had been originally filed in this court. *Sullivan v. Coney*, 2013 Ark. 222, 427 S.W.3d 682.

*Bona Fide Purchasers for Value*

On appeal, appellants first argue that the circuit court erred in concluding that appellees were entitled to judgment as a matter of law. They contend that Hernandez's possession of the property imparted actual knowledge of his interest such that appellees were not bona fide purchasers of the oil-and-gas rights. In response, appellees assert that they are innocent purchasers and that Hernandez's possession did not provide actual notice because they were unaware of his possession of the property.

■ In this case, the circuit court granted appellees' motions for summary judgment. Summary judgment may be granted only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *40 Retail Corp. v. City of Clarksville*, 2012 Ark. 422, 424 S.W.3d 823. On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Neal v. Sparks Reg'l Med. Ctr.*, 2012 Ark.

328, 422 S.W.3d 116. We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Campbell v. Asbury Auto., Inc.*, 2011 Ark. 157, 381 S.W.3d 21. Our review focuses not only on the pleadings, but also on the affidavits and documents filed by the parties. *Cent. Okla. Pipeline, Inc. v. Hawk Field Servs., LLC*, 2012 Ark. 157, 400 S.W.3d 701.

We begin by referencing our recording statute that is found at Arkansas Code Annotated section 14–15–404 (Supp.2011). It provides in relevant part,

(b) No deed, bond, or instrument of writing for the conveyance of any real estate, or by which the title thereto may be affected in law or equity, made or executed after December 21, 1846, shall be good or valid against a subsequent purchaser of the real estate for a valuable consideration without actual notice thereof or against any creditor of the person executing such an instrument obtaining a judgment or decree which by law may be a lien upon the real estate unless the deed, bond, or instrument, duly executed and acknowledged or proved as required by law, is filed for record in the office of the clerk and ex officio recorder of the county where the real estate is situated.

The General Assembly enacted this statute in 1846, and subsection (b) has survived without amendment since that time.

■ Generally, an instrument in writing that affects real property shall not be valid against a subsequent purchaser unless it is filed of record in the county where the real estate is located. *Wetzel v. Mortg. Elec. Registration Sys., Inc.*, 2010 Ark. 242, 2010 WL 2025115. However, in order to be a bona fide purchaser of land in Arkansas, one must take property in

good faith, for valuable consideration, and without notice of a prior interest. *Bill's Printing, Inc. v. Carder,* 357 Ark. 242, 161 S.W.3d 803 (2004); *Wilkins v. Jernigan,* 195 Ark. 546, 113 S.W.2d 108 (1938). A subsequent purchaser will be deemed to have actual notice of a prior interest in the property if he is aware of such facts and circumstances as would put a person of ordinary intelligence and prudence on such inquiry that, if diligently pursued, would lead to knowledge of those prior interests. *Killam v. Tex. Oil & Gas Corp.,* 303 Ark. 547, 798 S.W.2d 419 (1990); *Bowen v. Perryman,* 256 Ark. 174, 506 S.W.2d 543 (1974). Whatever is notice enough to excite attention, put a party on guard, and call for inquiry is notice of everything to which the inquiry might lead, and whenever one has sufficient information to lead him to a fact he shall be deemed conversant with it. *Henderson v. Ozan Lumber Co.,* 216 Ark. 39, 224 S.W.2d 30 (1949); *Millman Lumber Co. v. Bryant,* 213 Ark. 277, 209 S.W.2d 878 (1948). Clearly, the "actual notice" exception to the protection afforded by section 14–15–404 was intended to cover situations in which a property interest does not appear in the records. *Massey v. Wynne,* 302 Ark. 589, 592, 791 S.W.2d 368, 370 (1990).

█ As part of this exception, this court has long recognized that possession of property by someone other than the record owner is the equivalent of actual notice of the title, rights, or equities of the possessor. *Midland Sav. & Loan Co. v. Brooks,* 177 Ark. 470, 6 S.W.2d 828 (1928); *Naill v. Kirby,* 162 Ark. 140, 257 S.W. 735 (1924); *Barrett v. Durbin,* 106 Ark. 332, 153 S.W. 265 (1913); *Atkinson v. Ward,* 47 Ark. 533, 2 S.W. 77 (1886); *Sisk v. Almon,* 34 Ark. 391 (1879); *Hamilton v. Fowlkes,* 16 Ark. 340 (1855). In *American Building & Loan Association v. Warren,* 101 Ark.

163, 169, 141 S.W. 765, 767 (1911), we observed,

> Ordinarily, possession by a person under a contract of purchase, although unrecorded, is notice of his equitable rights and interests in the property. Actual possession is evidence of some title in the possessor, and puts the subsequent purchaser or mortgagee on notice as to the title which the occupant holds or claims in the property. Generally, actual, visible, and exclusive possession is notice to the world of the title and interest of the possessor in the property, and it is incumbent upon the subsequent purchaser or mortgagee to make diligent inquiry to learn the nature of the interest and claim of such possessor, and if he does not do so, notice thereof will be imputed to him. *Hamilton v. Fowlkes,* 16 Ark. 340; *Shinn v. Taylor,* 28 Ark. 523 [ (1873) ]; *Rockafellow v. Oliver,* 41 Ark. 169 [ (1883) ]; *Atkinson v. Ward,* 47 Ark. 533, 2 S.W. 77; *Strauss v. White,* 66 Ark. 167, 51 S.W. 64; *Thalheimer v. Lockard [Lockert ],* 76 Ark. 25, 88 S.W. 591 [ (1905) ]; *Sproull v. Miles,* 82 Ark. 455, 102 S.W. 204 [ (1907) ]; *Hughes Bros. v. Redus,* 90 Ark. 149, 118 S.W. 414 [ (1909) ]; 1 Jones on Mortgages (6th Ed.) § 589.

*See also Clinton Special Sch. Dist. No. 1 of Van Buren Cnty. v. Henley,* 212 Ark. 643, 645, 207 S.W.2d 713, 714 (1948) (stating that "actual possession of real estate is notice to the world of the claim or interest of the one in possession, regardless of whether such claimant has on record a written interest creating an interest or title"). This court has even commented that possession of property provides sufficient notice as to relieve the possessor of the necessity for filing under the recording statute in order to protect against a subsequent purchaser. *Strauss v. White,* 66 Ark. 167, 51 S.W. 64 (1899). This doctrine rests on the premise that possession of a

third person is said to put a subsequent purchaser upon an inquiry, and such a purchaser is charged with notice of all that he might have learned by a due and reasonable inquiry of the occupant with respect to every ground, source, and right of his possession. *First Nat'l Bank v. Gray*, 168 Ark. 12, 268 S.W. 616 (1925). By 1931, we considered this rule of law to be so well settled that there was hardly a need for citation to authority. *Scott v. Carnes*, 183 Ark. 650, 37 S.W.2d 876 (1931).

■ Even so, appellees contend that the rule does not apply unless the subsequent purchaser has actual knowledge that a third person is in possession of the property. Thus, they assert that the rule does not inure to appellants' benefit here because they did not inspect the property, and thus, did not actually know of Hernandez's possession. However, we rejected this precise argument in 1855 with our decision in *Hamilton v. Fowlkes, supra*. After surveying a number of cases from other jurisdictions, we quoted with approval the following passage from the Supreme Court of Alabama's opinion in *Scroggins v. McDougald*, 8 Ala. 382 (1845):

> The admissions of the counsel for McDougald, as well as the evidence, & c, establish that the complainant and Bagly, under whom she claims, had the actual possession of the lot at the time when McLean assigned the certificate of the commissioners to McDougald, by means of which he subsequently obtained the title. The only question, therefore, in this aspect of the case, is whether the possession so held was a sufficient matter to put the defendant, McDougald, on inquiry as to the title of the occupants, and thus affect him with notice, *although in point of fact, he had no information that the possession was thus held*. It is laid down very generally in the books, that whatever is sufficient to put the purchaser upon inquiry, is good constructive notice. Atk. on Mark. Titles, 573; 2 Sug. on Vend. 290. It is difficult to conceive what circumstance can be more strong to induce inquiry, than the fact that the vendor is out of possession and another is in. Accordingly it has been held, that information to a purchaser, that a tenant was in possession, is also notice of his interest. 13 Vesey 120. And if any part of the estate purchased is in the occupation of a tenant, it is considered full notice of the nature and extent of his interest. Atk. on Mark. Titles, 574. In the American courts, the rule is very generally recognized, that if a vendee is in possession of lands, a subsequent purchaser or mortgagee has constructive notice of his equitable right. 1 Monroe 201, 4 Litt. 317; 5 John. Chan. 29; 2 Paige 300; 3 ib. 421. As the complainant in this case was in the occupancy of the land at the time when McDougald acquired it by purchase or transfer from McLean, *it is immaterial whether knowledge of the occupancy can be traced to him, because the law casts on him the duty of ascertaining how that fact is. If a different rule is admitted, a purchaser residing at a distance from the land, would rarely be charged with notice on this account.*

*Hamilton*, 16 Ark. at 374–75 (emphasis supplied). In *Hamilton*, this court concluded that it is not unreasonable to expect a purchaser to inquire whether his vendor or another person is in possession of land that he is about to purchase, and because a third person was in actual possession of the property, we held that the subsequent purchaser was not an innocent purchaser for value. In *Moore v. Oates*, 143 Ark. 328, 220 S.W. 657 (1920), we also noted that a subsequent purchaser is bound to take notice of another's possession whether or not he actually knows of the occupan-

cy. Thus, our law is clear that a subsequent purchaser is charged with notice when the land is in possession of someone other than the record owner, even though the subsequent purchaser may not be aware of the third person's possession. Accordingly, appellees' contention based on their lack of actual knowledge of Hernandez's possession is without merit.

Alternatively, appellees argue that Hernandez's possession of the property was not exclusive and thus did not impute notice of his interest. They point out that Hernandez did not reside on the property and that Humphries retained the right to enter the property to use the equipment.

It is true that the possession of land that will impart notice of title must be adverse, exclusive, unequivocal, and inconsistent with the claim of any other person. *Scott, supra.* Where possession is not exclusive but is in connection with the occupancy of another who sustains the relation of parent or who is the owner of the record title, the possession of others will be referable to the possession of the parent or owner of record title and is not such as would require the purchaser to make inquiry as to the nature of their possession or any hidden equities that might exist in their favor. *Story v. Grayson,* 208 Ark. 1029, 185 S.W.2d 287 (1945); *Rubel v. Parker,* 107 Ark. 314, 155 S.W. 114 (1913). However, this court has said that actual occupancy is not necessary in all cases for possession to be considered exclusive. *Story, supra.* When the evidence is viewed in the light most favorable to appellants, we are not convinced that appellees are entitled to judgment as a matter of law. Through the deposition testimony of Mr. Hernandez, appellants presented evidence tending to demonstrate Hernandez's actual and exclusive possession of the property. Summary judgment is not proper where the evidence reveals aspects from

which inconsistent hypotheses might reasonably be drawn and reasonable minds might differ. *Koch v. Adams,* 2010 Ark. 131, 361 S.W.3d 817. Also, the object of summary-judgment proceedings is not to try the issues, but to determine if there are any issues to be tried, and if there is any doubt whatsoever, the motion should be denied. *Bomar v. Moser,* 369 Ark. 123, 251 S.W.3d 234 (2007). On this record, we hold that a question of fact remains as to whether Hernandez was in exclusive possession of the property. Therefore, we reverse the order of summary judgment and remand for proceedings consistent with this opinion.

### *Attorneys' Fees*

For their second point on appeal, appellants argue that the circuit court erred in awarding attorneys' fees to appellees in this action. They contend that fees are not authorized in this case under section 16–22–308 because the purpose of the litigation was to determine which parties had superior title to the oil-and-gas rights. In support of the circuit court's decision, appellees assert that fees are allowed under the statute because appellants' request for the cancellation of the lease, assignment, and deed arose out of their claim for breach of contract against Humphries.

Arkansas Code Annotated section 16–22–308 permits an award of fees to a prevailing party in certain types of civil actions and provides as follows:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or *breach of contract,* unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable

attorney's fee to be assessed by the court and collected as costs.

(Emphasis supplied.) A decision to grant or deny a motion for attorney's fees will not be set aside absent an abuse of discretion by the trial court. *Ellis v. Ark. State Highway Comm'n*, 2010 Ark. 196, 363 S.W.3d 321.

Ordinarily, our reversal of the order of summary judgment would mandate a reversal of the fee award without a discussion of the merits of the issue because appellees are no longer the prevailing parties. *See Riceland Foods, Inc. v. Pearson*, 2009 Ark. 520, 357 S.W.3d 434. However, we choose in this instance to address the issue because the question could arise on remand. *Rees v. Smith*, 2009 Ark. 169, 301 S.W.3d 467 (while reversing on one point, the court chose to address other issues raised on appeal that were likely to recur on retrial). Relevant to our decision is the case of *Hanners v. Giant Oil Co. of Arkansas, Inc.*, 373 Ark. 418, 284 S.W.3d 468 (2008). There, a declaratory-judgment action was filed for a determination of the rights, status, and legal relations of the parties in connection with a lease. We held that fees were not allowed under the statute because the underlying dispute did not involve a claim for breach of the lease agreement. Also, in *Sunbelt Exploration Co. v. Stephens Production Co.*, 320 Ark. 298, 896 S.W.2d 867 (1995), we affirmed an award of fees where the litigation involved a claim to cancel a lease based on a breach of the terms of the lease.

At issue in the present case is whether appellees were innocent purchasers of the property. Although appellants sought cancellation of the lease, assignment, and deed, the litigation between the parties does not concern a breach of these agreements. Therefore, fees are not allowed under the statute. Accordingly, the circuit court abused its discretion in awarding attorneys' fees, and we reverse the court's orders granting appellees' request for fees.

Reversed and remanded; court of appeals' opinion vacated.

Special Justices SUZANNE G. CLARK, HAROLD J. EVANS, and LANCE LEE join in this opinion.

DANIELSON, BAKER, and HOOFMAN, JJ., not participating.