**In re Jimmy L. SAVAGE and Cynthia K. Savage, Debtors.**

**John T. Lee, Plaintiff**

**v.**

**Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company, Defendants.**

**Bankruptcy No. 5:11–bk–75535. Adversary No. 5:12–ap–07124.**

United States Bankruptcy Court, W.D. Arkansas, Fayetteville Division.

Jan. 8, 2014.

Theresa L. Pockrus, The Nixon Law Firm, Fayetteville, AR, for Plaintiff.

Don A. Eilbott, Jack, Nelson, Jones, Jiles & Gregory, Little Rock, AR, M. Ruthie Hagan, Baker, Donelson, Bearman, Caldwell, Memphis, TN, J. Brad Moore, Frederick S. Wetzel, III, P.A., Little Rock, AR, for Defendants.

## ORDER

BEN BARRY, Bankruptcy Judge.

On October 18, 2013, the Court held a trial in the above-captioned adversary proceeding between plaintiff John T. Lee [Lee], chapter 7 panel trustee in the underlying bankruptcy case, and defendants Ocwen Loan, LLC and Deutsche Bank National Trust Company [collectively, Ocwen]. At the conclusion, the Court took the matter under advisement and, at the request of the parties, allowed the parties until November 15 to file post-trial briefs. Lee asserts in his complaint that he is entitled to avoid Ocwen's two liens on the debtors' real property pursuant to 11 U.S.C. § 544(a)(3), which grants a trustee the rights and powers of a bona fide purchaser. For the reasons stated below, the Court denies the relief requested by Lee.

## BACKGROUND

Jimmy L. and Cynthia K. Savage [the debtors] acquired real property located in Benton County at 14698 Esculapia Hollow Road in Rogers, Arkansas, on June 25, 1996. On January 26, 2007, the debtors executed two promissory notes and two corresponding mortgages that secured the promissory notes with liens on the real property at 14698 Esculapia Hollow Road. Both mortgages were subsequently recorded on February 2, 2007, in the property records of the Benton County Circuit Clerk's office, Benton County, Arkansas. Each mortgage listed the street address only and did not include a legal description of the encumbered real property.

Four years later, on September 1, 2011, separate defendant Deutsche Bank National Trust Company filed a lis pendens in conjunction with a complaint for declaratory judgment and reformation against the debtors in the Circuit Court of Benton County. The purpose of the complaint was two-fold—first, to reform the recording date on one of the mortgages, and second, to reform the property description in both mortgages by adding the missing legal description. The lis pendens, which provided the legal description of the property, was recorded on September 6, 2011, in the property records of the Benton County Circuit Clerk's office in Benton County, Arkansas. The lis pendens also included the date the mortgages were pre-

viously recorded and the book and page number at which each could be located in the property records. However, the lis pendens did not include the street address of the property—14698 Esculapia Hollow Road.

On December 21, 2011, the debtors filed their chapter 13 petition, which they later converted to a chapter 7 case in April 2012. Lee was appointed the chapter 7 case trustee and, subsequently, filed his adversary proceeding requesting the Court to determine the extent and validity of Ocwen's liens pursuant to 11 U.S.C. §§ 542 and 544 based on the lack of legal property descriptions in both mortgages.

## LAW AND ANALYSIS

▇▇ Lee's argument focuses on his ability, as a chapter 7 trustee, to assume the role of a hypothetical bona fide purchaser pursuant to the bankruptcy code and thereby avoid Ocwen's liens on the property located at 14698 Esculapia Hollow Road in order to make additional assets available for distribution to creditors of the debtors' estate. Section 544(a)(3) states:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>> (3) a bona fide purchaser of real property ... from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exist.

11 U.S.C. § 544(a)(3). The statement "without regard to any knowledge of the trustee" refers to the trustee's personal knowledge and not constructive knowledge or notice under a state's recording statutes. *Caine v. First State Bank of Crossett (In re Caine)*, 462 B.R. 688, 693 (Bankr.W.D.Ark.2011) (citing cases in support). To proceed under § 544(a)(3), Lee must qualify as a bona fide purchaser under state law. In Arkansas, a bona fide purchaser is one who takes property in good faith, for valuable consideration, and without notice of a prior interest. *Bill's Printing, Inc. v. Carder*, 357 Ark. 242, 161 S.W.3d 803, 807 (2004). In the context of this § 544(a)(3) action, only the last requirement is at issue—whether Lee had constructive notice of Ocwen's liens on the property located at 14698 Esculapia Hollow Road.

▇▇ In Arkansas, three kinds of notice are generally recognized in the analysis of a bona fide purchaser: constructive notice, actual notice, and inquiry notice. Constructive notice is statutorily defined as notice imparted by any instrument affecting the title that is recorded in the office of the country recorder in the county where the property is located. Ark.Code Ann. § 14–15–404(a)(1). Actual notice occurs when a purchaser "is aware of such facts and circumstances as would put a person of ordinary intelligence and prudence on such inquiry that, if diligently pursued, would lead to knowledge." *Massey v. Wynne*, 302 Ark. 589, 791 S.W.2d 368, 369 (1990); *Walls v. Humphries*, —— S.W.3d ——, ——, 2013 Ark. 286, 2013 WL 3239042, at *7 (Ark.2013) (same). In the *Walls* case, the Arkansas Supreme Court stated that the required inquiry after notice is "notice of everything to which the inquiry might lead, and whenever one has sufficient information to lead him to a fact he shall be deemed conversant with it." *Walls*, 2013 Ark. 286, —— S.W.3d at ——.

■■ Generally, inquiry notice appears to be recognized as a component of either or both constructive notice and actual notice. Under inquiry notice, a purchaser

is held to have a duty to make inquiries where the purchaser has *actual knowledge* from any source or *constructive knowledge* of facts that would have aroused the suspicions of a prudent purchaser and caused that purchaser to make further investigations. The purchaser is deemed to have notice of all facts that such investigations would have revealed.

*Bill's Printing, Inc.*, 161 S.W.3d at 813 (J. Brown, dissenting) (quoting 11 David A. Thomas, *Thompson on Real Property* § 92.09(c)(3) (2d ed. 2002) (emphasis added)). In other words, inquiry notice may be applicable where the purchaser has either "actual knowledge from any source or constructive knowledge." The relationship between inquiry notice and either constructive notice or actual notice is unclear or nonexistent in Arkansas case law. Different states have treated the concept of inquiry notice as either an extension of actual notice or an extension of constructive notice. *See In re Caine*, 462 B.R. at 695–96 (discussing cases). The Bankruptcy Appellate Panel for the Tenth Circuit has suggested that the semantic discrepancy between inquiry notice and either actual notice or constructive notice is not important

so long as it is understood that the trustee, as a hypothetical purchaser who perfected his interest under state law as of the commencement of the case, had *no hypothetical duty to make a diligent inquiry based on information actually known by the trustee* either before or after the commencement of the case. *Inquiry notice imposed on the trustee derives only from constructively noticed facts.*

*Morris v. Kasparek (In re Kasparek)*, 426 B.R. 332, 345, fn. 51 (10th Cir. BAP 2010) (emphasis added). The Court finds that inquiry notice is only relevant in the context of a trustee's avoidance action under § 544(a)(3) to the extent it is based on constructively noticed facts. Based on the law concerning inquiry notice in Arkansas, the only issue before the Court is whether the mortgages, which contained only the street address of the subject property, were valid and, therefore, sufficient to put the trustee on constructive notice of Ocwen's liens on the property located at 14698 Esculapia Hollow Road. If so, the trustee, having constructive notice of the liens, also had a duty to inquire further to ascertain what property the liens covered and the extent of Ocwen's interest in the property.

■ In Arkansas, a mortgage is perfected by recording or filing the mortgage in the office of the circuit clerk of the county in which the property is located. The filing then becomes notice to all persons of the existence of a lien on the subject property. Ark.Code Ann. § 18–40–102 (Repl.2003). However, if the language describing the property is too vague and indefinite to identify the property, the mortgage may be held void for uncertainty. *Bunch v. Crowe*, 134 Ark. 241, 203 S.W. 584, 585 (1918); *see also Corning Bank v. Bank of Rector*, 265 Ark. 68, 576 S.W.2d 949, 953–54 (1979).

■ The mortgages that are the subject of Lee's adversary proceeding were filed in the property records of the Benton County Circuit Clerk's office, Benton County, Arkansas, on February 2, 2007, and contained only a street address identifying the property. The law in Arkansas concerning the sufficiency of a description was restated succinctly by the Arkansas Supreme Court:

"It is a well settled principle of Arkansas law that a mortgage will not be held void for uncertainty, *even as to third persons,* where by any reasonable construction it can be sustained; and where the description used furnishes a key whereby a person, aided by extrinsic evidence, can ascertain what property is covered, such description is sufficient...."

*Caraway Bank v. U.S.,* 258 Ark. 858, 529 S.W.2d 351, 351–52 (1975) (quoting *United States v. Westmoreland Manganese Corp.,* 134 F.Supp. 898 (E.D.Ark.1955) (emphasis added); *see also Huskey v. Citimortgage, Inc. (In re Huskey),* 479 B.R. 827, 833 (Bankr.E.D.Ark.2012) (discussing legal standard under Arkansas law for determining whether property description is valid); *Snyder v. Bridewell,* 167 Ark. 8, 267 S.W. 561, 561 (1924) (stating the general rule that a description to pass title must describe the land with sufficient certainty to identify the land or make reference to something tangible from which the land may be identified)).

▮▮▮ The burden of proof is on the party opposing the claim of the bona fide purchaser. *Bill's Printing, Inc.,* 161 S.W.3d at 807. In this specific instance, the Court finds that the street address that appears on the two mortgages that secure the promissory notes for the real property at 14698 Esculapia Hollow Road provided a key "whereby a person, aided by extrinsic evidence, can ascertain what property is covered...." Extrinsic evidence is evidence that is related to a contract but does not appear on the face of a contract because it comes from other sources. Black's Law Dictionary 637 (9th ed. 2009). At trial, Ocwen called Mary Sullivan, an employee of the Benton County 911 Administration Office [911 office], who testified that the office keeps records of all known street addresses in Benton County. Sullivan stated that at Ocwen's request, she searched the 911 office's records for 14698 Esculapia Hollow Road and accessed the following information: a single location in Benton County with that street address, the names of the debtors listed as the residents, a map showing the location of the house and the driveway, and the assessor's office's parcel number for the property. Ocwen also called Linda Hambrick, an employee at the Benton County Assessor's Office [assessor's office], who testified that a search of the assessor's office's records revealed the following information: the names of the debtors listed as the owners of the property located at 14698 Esculapia Hollow Road, pictures of the house and an assessment of the value, an abbreviated legal description, and references to the specific book and page number of the warranty deed filed in the circuit clerk's office.[1] Based on this testimony, the Court finds that the street address that appears on the mortgages provided the requisite "key" to identify the land subject to Ocwen's mortgage and that the mortgage was valid and constituted constructive notice of Ocwen's interest in the property located at 14698 Esculapia Hollow Road.

The trustee argued that even if the mortgage did provide a key to describing the property, there was nothing in the mortgage to indicate the amount of land the mortgage lien covered. While this may be true, it does not affect the constructive notice provided by the filing. If a bona fide purchaser had constructive notice of the mortgage, the purchaser would know that the mortgage covered at

1. The evidence presented in support of the witnesses' testimony indicates there are no other property owners in Benton County named Jimmy L. and Cynthia K. Savage, there is only one 14698 Esculapia Hollow Road in Benton County, and Jimmy L. and Cynthia K. Savage are not listed as owners of any other property in Benton County.

least some part of the property, thus creating a cloud on the whole parcel. Having notice, the purchaser would not be able to avoid the mortgage even if the purchaser bought all of the property, whether subject to the mortgage or not. *See Argent Mortgage Company, LLC v. Drown (In re Bunn)*, 578 F.3d 487, 489–90 (6th Cir.2009) ("a reasonable prospective purchaser should assume that an ambiguous mortgage likely intended to encompass the entire residential lot at issue.").

## CONCLUSION

In describing the required inquiry after notice, the Arkansas Supreme Court stated that the inquiry is "notice of everything to which the inquiry might lead, and whenever one has sufficient information to lead him to a fact he shall be deemed conversant with it." *Walls*, 2013 Ark. 286, —— S.W.3d at ——. Although the *Walls* court made this statement while discussing actual inquiry notice, it did not limit the requirement to actual notice. As explained above, inquiry notice is only relevant in the context of a trustee's avoidance action under § 544(a)(3) to the extent it is based on constructively noticed facts. Because the mortgages constituted constructive notice to the trustee, the Court finds that constructive inquiry notice is applicable in this instance and the trustee had a duty to investigate "everything to which the inquiry might lead, and whenever one has sufficient information to lead him to a fact he shall be deemed conversant with it." Here, the facts to which Lee is deemed conversant are the facts presented to the Court based on the inquiry to the assessor's office. Armed with those facts, Lee would have been able to determine the extent of Ocwen's interest in the property.

For the reasons stated above, the Court finds that the mortgages are not defective and Lee is bound by the constructive notice they provide. Because of this, Lee cannot be a bona fide purchaser and cannot prevail under § 544(a)(3). Hence, the Court must deny the relief requested in Lee's complaint.

IT IS SO ORDERED.